*416 OPINION OF THE COURT
Loren N. Brown, J.
The petitioner prays for a judgment annulling Local Laws, 1990, No. 1 as enacted by the Village of Round Lake by its Board of Trustees.
The petitioner is the owner and operator of a sand and gravel mining business located in the Village of Round Lake. The local law which it challenges provides that in any district of the town "no sod, loam, sand, gravel or stone shall be removed or offered for sale except in connection with a public work on the property or the removal of silt or other recently accumulated material that blocks a normal flow of a water course without the special approval of the village’s Board of Appeals”. The remainder of the law establishes procedures, guidelines and conditions for granting approval.
Generally, the petition before the court presents nonspecific, blunderbuss attacks on the constitutionality of the ordinance and the procedure by which it was adopted. Not surprisingly, most of the allegations are without merit and need not be further addressed by this decision. One issue, however, has been well pleaded, researched and argued, and that is the purported failure of the respondents to comply with procedures set forth in ECL 88-0101 through 8-0117 (SEQRA) and 6 NYCRR part 617. The respondents do not factually allege compliance, nor does the record show such compliance. They contended at oral argument, however, that because the ordinance would benefit the environment, SEQRA, which is a statutory and regulatory scheme designed to protect the environment against adverse actions, was not applicable. The salient issue distills to whether the respondents were required to comply with SEQRA procedures.
For reasons stated infra, the court finds that compliance with SEQRA procedures was required, and that failure to so comply nullifies the ordinance.
Both statute and State regulations provide guidelines for determining whether an ordinance is an "action” within the SEQRA provisions. ECL 8-0105 (4) (i) and (ii) provide:
"(i) projects or activities directly undertaken by any agency; or projects or activities supported in whole or part through contracts, grants, subsidies, loans, or other forms of funding assistance from one or more agencies; or projects or activities involving the issuance to a person of a lease, permit, license, *417 certificate or other entitlement for use or permission to act by one or more agencies;
"(ii) policy, regulations, and procedure-making.”
6 NYCRR 617.2 (b) (2) and (3) define an action as:
"(2) agency planning and policy making activities that may affect the environment and commit the agency to a definite course of future decisions;
"(3) adoption of agency rules, regulations and procedures, including local laws, codes, ordinances, executive orders and resolutions that may affect the environment”.
The ordinance in question clearly falls within both provisions. The ordinance is policy-, regulation- and procedure-making under the statute.* Under the quoted regulation, the ordinance is a local law embodying policy affecting the environment.
Though the statute may arguably beneficially affect the environment, its purported beneficence does not negate SEQRA and the regulations which implement it. The respondents have cited no authority holding that an action which is purportedly beneficial to the environment does not trigger SEQRA. Though it has been held that an action which is beneficial to the environment does not give rise to a need for an environmental impact statement (Niagara Recycling v Town of Niagara, 83 AD2d 335, affd 56 NY2d 859; Matter of United Petroleum Assn. v Williams, 102 AD2d 491, affd 65 NY2d 708), the purportedly beneficial environmental actions were nevertheless viewed in the SEQRA context, and SEQRA procedures were, sub silentio, recognized as applicable generally.
Before concluding, a lesser issue must be addressed by the court. As a defense to the action, the respondents contend that this action is premature in that the petitioner had not applied for any approvals nor submitted any plan on the proposed removal of materials from their lands. However, action, or lack of action, by the petitioner in seeking approval under the ordinance is not relevant to the issue of ripeness for review. Under SEQRA generally, an action subject to SEQRA *418 is ripe for review when an agency gives it its final approval or disapproval. (Matter of Town of Yorktown v New York State Dept. of Mental Hygiene, 92 AD2d 897, affd 59 NY2d 999.) Here, final approval was given upon passage of the ordinance. The relief prayed for in the petition is granted.

 It should be noted that, unlike the regulations quoted, ECL 8-0105 (4) does not define an action in terms of its possible effects on the environment, though that provision should be added by judicial gloss. For instance, local ordinances regulating door to door solicitors should not trigger SEQRA.