■ In the Matter of SKENESBOROUGH STONE, INC., Appellant, v VILLAGE OF WHITEHALL, Respondent. [645 NYS2d 579] —Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered October 25, 1995 in Washington County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia,* declare null and void Local Laws, 1995, No. 1 of the Village of Whitehall.

Petitioner owns property in the Village of Whitehall, Washington County, and is engaged in the business of mineral extraction. In December 1994, petitioner applied to the Department of Environmental Conservation for a permit to mine gneiss from the aforesaid property. In February 1995, while the permit application was still pending, respondent enacted Local Laws, 1995, No. 1 (hereinafter Local Law No. 1) entitled

"A local law regulating the extraction of natural products", which provided, *inter alia*, that no person within the Village could extract minerals without the approval of respondent's Board of Trustees.

Petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking to have Local Law No. 1 annulled on the ground that, *inter alia*, respondent failed to comply with the requirements of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). Supreme Court dismissed the petition and this appeal by petitioner followed.

Although Supreme Court asserted that petitioner had standing, it nevertheless concluded that petitioner could not invoke SEQRA due to petitioner's failure to allege a specific adverse environmental impact. Supreme Court's conclusion in this regard was erroneous. As the Court of Appeals observed in *Matter of Har Enters. v Town of Brookhaven* (74 NY2d 524), "even though * * * an owner cannot presently demonstrate an adverse environmental effect, it nevertheless has a legally cognizable interest in being assured that the decision makers, before proceeding, have considered all of the potential environmental consequences, taken the required 'hard look', and made the necessary 'reasoned elaboration' of the basis for their determination" (*supra*, at 529). Accordingly, the Court of Appeals held that the property owner in that case had a legally cognizable interest in being assured that the municipality satisfied SEQRA before taking action to rezone its land, and petitioner has a similar interest here.

Turning to the merits, it is abundantly clear that respondent's enactment of Local Law No. 1 was an "action[ ]" as defined by SEQRA (ECL 8-0105 [4]; 6 NYCRR 617.2 [b] [3]; *Matter of Brew v Hess*, 124 AD2d 962, 964; *Matter of Whibco, Inc. v Village of Round Lake*, 149 Misc 2d 415, 417), thereby requiring respondent to comply with the procedural requirements of ECL article 8. The record before us does not demonstrate such compliance, nor does respondent argue such in its brief; therefore, Local Law No. 1 is declared null and void. In light of this conclusion, we need not address the remaining arguments advanced by petitioner.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition granted to the extent that Local Laws, 1995, No. 1 of the Village of Whitehall is declared null and void.