■ In the Matter of SKENESBOROUGH STONE, INC., et al., Appellants, v VILLAGE OF WHITEHALL et al., Respondents. [679 NYS2d 727] —Crew III, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered January 5, 1998 in Washington County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia*, set aside Local Laws, 1996, No. 3 of the Village of Whitehall.

In August 1994, petitioner Gilles Lariviere formed petitioner Skenesborough Stone, Inc. for the purpose of acquiring and mining approximately 400 acres of land located in the Village of Whitehall, Washington County. Thereafter, in December 1994, Skenesborough applied to the Department of Environmental Conservation for a permit to extract in excess of 1,000 tons of gneiss, a quarriable stone material, from the property within any 12-month period. Approval of such permit apparently is still pending.

At the time that Skenesborough acquired the subject property, respondent Village of Whitehall apparently lacked a comprehensive zoning law and, more particularly, any regulations governing mineral extraction. In February 1995, however, respondent Village Board of Trustees adopted Local Laws, 1995, No. 1 of the Village of Whitehall, which prohibited the extraction of minerals within the Village without approval of the Village Board. This Court subsequently declared this local law null and void due to the Village Board's failure to comply with the requirements of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]; *see, Matter of Skenesborough Stone v Village of Whitehall*, 229 AD2d 780).

In the interim, in October 1995 the Village Board established

a zoning commission, which was charged with the task of examining the existing conditions within the Village and making appropriate recommendations for regulating future development. As is relevant to this appeal, the Village Board then enacted Local Laws, 1995, No. 2 of the Village of Whitehall, which imposed a nine-month moratorium upon, *inter alia,* mining activities within the Village. Finally, in October 1996 the Village Board enacted Local Laws, 1996, No. 3 of the Village of Whitehall (hereinafter Local Law No. 3), which established comprehensive zoning regulations for the Village. Under these regulations, mining activities were prohibited within the Village except to the extent that such qualified as a prior nonconforming use.

Petitioners thereafter commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking, *inter alia,* the invalidation of Local Law No. 3. Respondents answered and cross motions for summary judgment ensued. Supreme Court, *inter alia,* subsequently dismissed petitioners' application in its entirety and granted summary judgment in favor of respondents. This appeal by petitioners followed.

The various arguments raised by petitioners on appeal do not warrant extended discussion. Initially, we reject petitioners' contention that Local Law No. 3 should be deemed void *ab initio* due to the manner in which the zoning commission was appointed by the Village Board. In support of their cross motion for summary judgment, respondents submitted the affidavit of Village Mayor Patricia Norton, who, during the relevant time period, served as a member of the Village Board. In this regard, Norton averred that the zoning commission members were appointed at the Village Board's October 5, 1995 regular meeting. Because the minutes of such meeting, however, were omitted from the record on appeal, petitioners ask this Court to conclude that the zoning commission was therefore secretly appointed in violation of Village Law § 7-710. We find no support for such speculation in the record. The mere fact that the minutes of the October 5, 1995 meeting were, according to respondents, inadvertently omitted from the record on appeal, in no way contradicts Norton's averment regarding the establishment of the zoning commission.

Nor are we persuaded that the zoning commission violated Village Law § 7-710 (3), which requires that "[s]uch commission * * * make a preliminary report and hold one or more public hearings thereon as deemed appropriate by the commission before submitting its final report [to the village board of

trustees]". Here, the record reveals that the zoning commission held a public hearing on a draft of the proposed zoning law on July 9, 1996 and thereafter transmitted its final report to the Village Board on July 10, 1996.

Equally unavailing is petitioners' assertion that the Village Board's failure to comply with the substantive and procedural requirements of SEQRA invalidates Local Law No. 3. Although the record before us certainly could have been compiled with greater precision and clarity, when read as a whole it demonstrates that the Village Board, which designated itself as the lead agency for purposes of SEQRA review, indeed provided notice of and conducted appropriate public hearings on the proposed zoning law, which included receiving and considering the written comments submitted by petitioners. Contrary to petitioners' assertion, the record reveals that the Village Board did not "accept" the draft generic environmental impact statement (hereinafter GEIS) prior to conducting a public hearing thereon, nor did the Village Board fail to take a "hard look" at the relevant areas of environmental concern and provide a "reasoned elaboration" of the basis for its determination (*see, Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417).

Petitioners next argue that the Village Board failed to formulate a "comprehensive plan" and, therefore, Local Law No. 3 is invalid on this basis (citing Village Law §§ 7-704, 7-722). Again, we cannot agree. Although zoning at the village level must be accomplished in accordance with a comprehensive plan, such plan need not be contained in a single document labeled as such; indeed, it need not be written at all (*see, Asian Ams. for Equality v Koch*, 72 NY2d 121, 131). All that is required is that the court be able to satisfy itself, based upon a review of all available evidence, that such plan in fact exists and that the municipality is acting in the public interest in furtherance thereof (*see, id.*, at 131; *Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 684-685). Here, based upon our review of Local Law No. 3, together with the zoning map, the GEIS and the minutes of the various meetings conducted by the zoning commission and the Village Board during the review process, we are persuaded that there indeed exists a comprehensive plan for the Village aimed at addressing fundamental land use issues and regulating future development.

We do, however, part company with Supreme Court with respect to its resolution of the prior nonconforming use issue. While there is no serious dispute that prior nonconforming

uses are permitted under Local Law No. 3,* we are unable to discern from the record before us whether petitioners' mining operation qualifies as such here. Pursuant to section 7.1 of Local Law No. 3, a nonconforming use "is the lawful use of any building or land *existing at the time of the enactment of this law* and such use may be continued by the existing or subsequent owners although such use does not conform with the provisions of this law" (emphasis supplied). While the affidavit submitted by Lariviere makes reference to various site preparation measures and the affidavit submitted by John Barber, who apparently was working with Lariviere in this regard, indicates that several loads of stone were removed from the property for shipment to Canada, the record does not conclusively establish whether such operations were ongoing at the time of the enactment of Local Law No. 3. Absent such proof, neither petitioners nor respondents are entitled to summary judgment on this issue. Accordingly, Supreme Court's order must be modified to such extent, with the issue of whether petitioners have a valid nonconforming use to be determined at trial. Petitioners' remaining contentions, including their constitutional challenges to Local Law No. 3, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted summary judgment to respondents and declared that petitioners' mining operation did not constitute a prior nonconforming use; respondents' cross motion for summary judgment is denied to that extent; and, as so modified, affirmed.

---

* Indeed, respondents acknowledge in their brief that "to the extent that [petitioners] may have lawfully been operating in Whitehall, it [sic] will be able to continue to do so".