Matter of Bovee v Town of Hadley Planning Bd. (2018 NY Slip Op 02387)





Matter of Bovee v Town of Hadley Planning Bd.


2018 NY Slip Op 02387


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

525388

[*1]In the Matter of ANDREW BOVEE, Respondent,
v
TOWN OF HADLEY PLANNING BOARD et al., Appellants. (Proceeding No. 1.)
 In the Matter of LARRY BOVEE et al., Respondents,
v
TOWN OF HADLEY PLANNING BOARD et al., Appellants. (Proceeding No. 2.)

Calendar Date: February 16, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Rumsey, JJ.


Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Leah Everhart of counsel), for appellants.
Muller & Mannix, PLLC, Glens Falls (Michael J. Muller of counsel), for respondents.


Devine, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the Supreme Court (Chauvin, J.), entered October 11, 2016 in Saratoga County, which granted petitioners' applications, in two combined proceedings pursuant to CPLR article 78 and actions for declaratory judgment, to annul determinations of respondent Town of Hadley Planning Board conditionally approving petitioners' site plan applications, and (2) from an order of said court, entered May 5, 2017 in Saratoga County, which denied respondents' motion to renew.
Petitioner Andrew Bovee (hereinafter Bovee) owns real property in the Town of Hadley, Saratoga County adjacent to that of his parents, petitioners Larry Bovee and Marjorie Bovee (hereinafter collectively referred to as the parents). Bovee has consistently processed, stored and sold firewood on his property. In 2008, he applied for site plan development approval to conduct additional business activities there as required by chapter 132 of the Code of the Town of Hadley (hereinafter the Site Plan Review Law). Respondent Town of Hadley Planning Board approved the application upon the understanding that Bovee would, among other things, store 7 to 10 cords of firewood on the property.
Following enforcement proceedings commenced due to the excessive amount and disruptive location of firewood on Bovee's property, Bovee and his parents separately applied for site plan approval pursuant to the Site Plan Review Law. Bovee sought approval to, among other things, process and store additional firewood on his property for sale. His parents sought authorization for the delivery of firewood to their property that would then be processed and sold by Bovee. The Planning Board conducted a public hearing on the applications, after which it conditionally approved them.
Bovee and his parents separately commenced the present combined CPLR article 78 proceedings and declaratory judgment actions to challenge the conditional approvals and sought, as is relevant here, a judgment annulling those conditional approvals upon the basis that the Planning Board lacked the authority to issue them. Following joinder of issue, Supreme Court granted the petitions/complaints and annulled the challenged determinations on those grounds. Respondents appeal from that judgment, as well as an order denying their subsequent motion for renewal.
We initially disagree with Supreme Court that any deficiency in the Site Plan Review Law deprived the Planning Board of authority to issue the conditional approvals. Respondent Town of Hadley has the Site Plan Review Law without having adopted any zoning regulations. Zoning and site plan review both regulate land use in a municipality, but are not identical and serve different goals. "The primary goal of a zoning ordinance must be to provide for the development of a balanced, cohesive community which will make efficient use of the town's available land" (Berenson v Town of New Castle, 38 NY2d 102, 109 [1975] [citation omitted]; see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 683 [1996]). In contrast, site plan review reflects "public interest in environmental and aesthetic considerations, the need to increase the attractiveness of commercial and industrial areas in order to invite economic investment, and the traditional impulse for controls that might preserve the character and value of neighboring residential areas" (Moriarty v Planning Bd. of Vil. of Sloatsburg, 119 AD2d 188, 190 [1986], lv denied 69 NY2d 603 [1987]). Site plan review furthers those ends by "permit[ting] municipalities to regulate the development and improvement of individual parcels in a manner not covered under the usual provisions of building and zoning codes which establish specific standards for construction of buildings, provide for specific limitations on use, and fix definite numerical criteria for density, building set backs and frontage and height requirements" (id. at 191).
There is no statutory directive that a municipality employ both zoning and site plan review as mechanisms of land-use control. Municipalities may, in fact, enact a wide range of "land-use restrictions or controls to enhance the quality of life by preserving the character and desirable aesthetic features of the community" (Matter of Wallach v Town of Dryden, 23 NY3d 728, 743 [2014] [internal quotation marks, brackets and citation omitted]). A town is empowered to implement site plan review by Town Law § 274-a, which allows a town board to, "as part of a zoning ordinance or local law . . ., authorize [a] planning board . . . to review and [*2]approve, approve with modifications or disapprove site plans prepared to specifications set forth in the ordinance or local law and/or in regulations of [the planning] board" (Town Law § 274-a [2] [a] [emphasis added]; see Town Law § 271 [1]). The Town of Hadley does not have a "zoning ordinance," but its Town Board took the other permissible route by adopting the Site Plan Review Law, a "local law" that authorized the Planning Board "to review and approve, approve with modifications or disapprove site plans" (Town Law § 274-a [2] [a]). The Site Plan Review Law also requires that review for all but a few enumerated land uses, sets forth the requirements for any site plan approval application and lists factors that may be considered by the Planning Board in reviewing one. As such, it meets the statutory requirements that it "specify the land uses that require site plan approval and the elements to be included on plans submitted for approval" (Town Law § 274-a [2] [a]; see Town Law § 274-a [1]).
Supreme Court correctly noted that the Site Plan Review Law "could be enacted by local ordinance and not necessarily as part of an overall zoning ordinance." The trial court seemingly, however, relied upon the absence of zoning or other land use policies to determine that the Site Plan Review Law ran afoul of the requirement that "[a]ll town land use regulations must be in accordance with a comprehensive plan" (Town Law § 272-a [11] [a]; see Town Law §§ 263, 272-a [2] [b]; Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d at 684-685). A comprehensive plan "need not be contained in a single document; indeed, it need not be written at all" (Asian Ams. for Equality v Koch, 72 NY2d 121, 131 [1988]; see Matter of Skenesborough Stone v Village of Whitehall, 254 AD2d 664, 666 [1998], appeal dismissed 95 NY2d 902 [2000]). Rather, "[t]he court may satisfy itself that the municipality has a [comprehensive] plan and that authorities are acting in the public interest to further it by examining all available and relevant evidence of the municipality's land use policies" (Asian Ams. for Equality v Koch, 72 NY2d at 131; see Matter of Lazore v Board of Trustees of Vil. of Massena, 191 AD2d 764, 767 [1993]).
The Site Plan Review Law stated its goals, namely, "to promote the health, safety and general welfare of the Town" by creating "[a] clean, wholesome, attractive environment" that protects the citizenry and ensures "the maintenance and continued development of the economy of the Town." Those goals are furthered, the Site Plan Review Law explains, by "ensur[ing] the optimum overall conservation, protection, preservation, development and use of the natural and people-related resources of the Town, [and] by regulating land use activity within the Town through review and approval of site plans" without the need for restrictions (such as zoning) that would "prohibit per se any land use activity." The Site Plan Review Law, as noted above, also sets forth the details required on a site plan review application and specifies the factors that the Planning Board should consider in reviewing one (see Town Law § 274-a [2] [a]). The Site Plan Review Law therefore contains within it "a comprehensive plan . . . aimed at addressing fundamental land use issues and regulating future development" (Matter of Skenesborough Stone v Village of Whitehall, 254 AD2d at 666; see Asian Ams. for Equality v Koch, 72 NY2d at 131; Udell v Haas, 21 NY2d 463, 472 [1968]; Dur-Bar Realty Co. v City of Utica, 57 AD2d 51, 53-54 [1977], affd for reasons stated below 44 NY2d 1002 [1978]). Thus, its "strong presumption of validity" having not been overcome (Matter of Birchwood Neighborhood Assn. v Planning Bd. of the Town of Colonie, 112 AD3d 1184, 1185 [2013] [internal quotation marks and citation omitted]), the Site Plan Review Law is valid, and the Planning Board had authority to determine the complained-of site plan review applications.
Supreme Court, in light of its erroneous conclusion that the Site Plan Review Law was invalid, did not reach the challenges of Bovee and his parents to the conditional approvals themselves. Addressing those arguments in the interest of judicial economy (see Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie, 126 AD3d 1094, 1096 [2015]), we find them [*3]to be without merit. Bovee sought approval to store more firewood on his property than had previously been approved, a "change[] in or expansion[] of [an] existing use[]" that was correctly treated as a new land use subject to site plan review (see Matter of Harbison v City of Buffalo, 4 NY2d 553, 559 [1958]). As for the conditions imposed in both approvals, the Planning Board was free "to impose such reasonable conditions and restrictions as are directly related to and incidental to a proposed site plan" (Town Law § 274-a [4]). The Planning Board imposed a number of conditions in approving the applications, including requirements that fencing be installed, limitations on firewood storage and restrictions on where and when firewood could be processed and sold by Bovee. We cannot say that any of these conditions, which were directly responsive to the complaints of neighbors regarding Bovee's business operations, were arbitrary or capricious (see Matter of Edscott Realty Corp. v Town of Lake George Planning Bd., 134 AD3d 1288, 1291 [2015]; Matter of Home Depot, U.S.A. v Town Bd. of Town of Hempstead, 63 AD3d 938, 938-940 [2009]; Matter of Twin Town Little League v Town of Poestenkill, 249 AD2d 811, 813 [1998], lv denied 92 NY2d 806 [1998]).
Respondents' challenge to the order denying their motion to renew is academic in light of the foregoing.
McCarthy, J.P., Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the judgment entered October 11, 2016 is reversed, on the law, without costs, that portion of the petition/complaint seeking CPLR article 78 relief is dismissed, and it is declared that chapter 132 of the Code of the Town of Hadley is valid.
ORDERED that the appeal from the order entered May 5, 2017 is dismissed, as academic, without costs.