CHARLES VAN NOSTRAND, as Building Inspector of the City of Johnstown, Appellant, v. LAWRENCE J. DALMATA, Doing Business as DAL'S HOLLOW BODY SHOP, Also Known as DALMATA'S PUBLIC GARAGE, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered June 1, 1973 in Fulton County, which granted defendant's motion for summary judgment dismissing the complaint. Defendant owned and operated an automobile body and fender repair shop in the City of Gloversville. Because of space limitations, he could not expand his business to general automobile repair work. He, therefore, contracted to purchase premises at No. 363 North Perry Street in the City of Johnstown which was zoned commercial. In September, 1972 plaintiff, Building Inspector, told defendant that an automobile body shop was not allowed at that location which was a commercial zone. On October 4, 1972, defendant's attorney wrote to the Board of Zoning Appeals requesting a variance to permit the use of the premises as an automobile body repair shop. At a meeting of the board on October 18, 1972, the variance was denied without any reasons being given. On November 27, 1972, defendant commenced operation of a garage offering general automobile repair service at the North Perry Street address. On or about December 12, 1972, plaintiff commenced this action to enjoin defendant from maintaining and conducting an "automobile body repair business at 363 North Perry Street, Johnstown, New York." Section 22–404 of the Zoning Ordinance of the City of Johnstown lists the permitted uses in a commercial zone. Among the permitted uses there is found "(15) Private or public garage or lot for the storage of automobiles." There is no definition of the word garage in the zoning ordinance as it existed in the year 1972. Plaintiff contends that defendant, having applied for a variance, is bound by the determination of the board since no proceedings to review were brought; that the language of the zoning ordinance permits only a garage for the storage of automobiles; that a body repair shop is permitted only in an arterial commercial zone under section 22–407 of the ordinance; and that defendant is illegally occupying the premises since he has no certificate of occupancy. Under section 22–407 governing arterial commercial zones, all of the uses permitted in a commercial zone except dwellings are permitted. There is no mention of the word "garage" except by way of the incorporation of the permitted uses of a commerical zone. There is also no mention of an automobile repair shop or automobile body shop. Thus, if an automobile body repair shop is permitted in an arterial zone as contended by plaintiff, it could only be permitted under the garage use specified for a commercial zone. A zoning ordinance "being in derogation of common-law property rights, must be strictly construed". (Thomson Ind. v. Incorporated Vil. of Port Washington North, 27 N Y 2d 537, 539.) A public garage is defined as: "An automobile repair place or business open for service to the public generally; a garage which accepts cars for parking or storage." (Ballentine's Law Dictionary [3d ed.], p. 1021.) Webster's Third New International Dictionary, 1965, unabridged, also defines a garage as: "1: a building or compartment of a building used for housing an automobile vehicle 2: a repair shop for automobile vehicles". (Cf. General Municipal Law, § 72-j, subd. 4, par. a.) Defendant's operation fits within these definitions whether the service offered consists of general repair service or automobile body work. The language of the ordinance is in the disjunctive, and there are no punctuation marks indicating that the words "for the storage of automoblies" are not to be limited to

the word lot. There being no other provision in the ordinance for garages, the drafters thereof must have intended that this work must be given its ordinary meaning. Indicative of this is the fact that in section 22–609 entitled " change of use " the drafters distinguished between " a repair, storage or rental garage." It thus appears that the use of the premises by defendant is a permitted use, and there was no need to apply for a variance. The denial of a variance cannot make a valid use invalid and defendant was not, therefore, required to commence proceedings to review that determination. Since the use of the premises by defendant was a conforming use under the zoning ordinance, it was also not necessary to apply for a certificate of occupancy. Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.