■ In the Matter of KLAUS HOLLAND, Respondent, v JUDSON LEONARD, as Zoning Enforcement Officer of the Town of Danby, et al., Appellants.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Kuhnen, J.), entered November 6, 1985 in Tompkins County, which converted petitioner's application brought pursuant to CPLR article 78 into an action for declaratory judgment and, *inter alia,* declared petitioner's real property to be a "farm" as defined in the Town of Danby Zoning Ordinance.

Petitioner has owned an 80-acre parcel of land in the Town of Danby, Tompkins County, since 1972. On May 31, 1985, his application for a permit to place a house trailer on the property was denied. On July 24, 1985, he appealed to the Town Board of Zoning Appeals for a variance permitting the trailer on the basis that his physical handicap necessitated

that he live in a one-story home. Alternatively, he sought a ruling that the variance was not required because farms are exempt from the zoning requirements. The Board denied the appeal "due to lack of information and insufficient hardship to convince the Zoning Board to act differently". In the instant CPLR article 78 proceeding against various town officials, petitioner again maintained that his property was exempt from the town's Zoning Ordinance as a farm, or, in the alternative, that the ordinance was unconstitutional. Special Term converted part of the petition to an action seeking declaratory relief and granted judgment declaring petitioner's land exempt as a farm under the definition in the ordinance and therefore exempt from the requirements relating to mobile homes. Respondents have appealed.

The town's Zoning Ordinance § 704 exempts a farm from most of the zoning restrictions in the ordinance, including restrictions on mobile homes and house trailers set forth in section 708.1. The sole issue is whether petitioner's property is properly characterized as a "farm", defined in the ordinance as "[a]ny parcel of land, three (3) acres or larger in size, which is used for the gainful raising of agricultural products, livestock, poultry or dairy products" (Town of Danby Zoning Ordinance Appendix). The town maintains that in order to qualify for the exemption status accorded a farm, the owner of the land must actually be the one farming the property and deriving gain directly from that use. It is undisputed that petitioner does not farm the property, but instead rents to others who independently do so. Contrary to the town's argument, the ordinance does not contain an owner-use requirement, and we decline the invitation to enlarge by judicial fiat the words and plain meaning of the ordinance. Had the town intended to impose the additional condition or limitation, it could easily have done so (see, Matter of Soros v Board of Appeals, 50 Misc 2d 205, 208, affd 27 AD2d 705; see also, Pajak v Pajak, 56 NY2d 394, 397). "Since zoning regulations are in derogation of the common law, they must be strictly construed against the municipality which has enacted and seeks to enforce them" (Matter of Allen v Adami, 39 NY2d 275, 277). Accordingly, given that the subject parcel was used primarily for farming purposes, Special Term properly declared petitioner to be entitled to the farm exemption.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.