■ In the Matter of HESS REALTY CORPORATION et al., Respondents, v PLANNING COMMISSION OF THE TOWN OF ROTTERDAM, Appellant. [603 NYS2d 95] —Mercure, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered April 17, 1992 in Schenectady County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioners a special use permit.

Petitioners applied for a special use permit for construction of a convenience store with motor vehicle fuel pumps on land located predominately in a B-1 zoning district of the Town of Rotterdam, Schenectady County. Respondent denied the application upon the ground that the Town Zoning Ordinance (Town of Rotterdam Code, ch 270) permitted such a use only in B-2 and I-1 zoning districts. Concluding that respondent's determination was irrational, Supreme Court granted judgment in favor of petitioners in the ensuing CPLR article 78 proceeding. Respondent now appeals and we affirm.

In support of their position, petitioners rely primarily upon section 270-5 of the Zoning Ordinance, which defines "Convenience store" and states that "permitted activities shall * * * include the sale of gas, oil or other fuel for the propulsion of vehicles", and section 270-56, which enumerates "Convenience store" among the special uses that may be permitted in a B-1 zoning district. On the other hand, section 270-146 of the Zoning Ordinance, entitled "Convenience stores", provides in pertinent part that "[c]onvenience stores with motor vehicle fuel filling pumps may be permitted in the B-2 and I-1 Districts subject to the issuance of a special use permit". We

agree with respondent that there is a direct conflict between sections 270-56 and 270-146 of the Zoning Ordinance, as the former permits and the latter prohibits petitioner's use.* Whether the conflict is the result of a scrivener's error, as contended by respondent, or otherwise, we conclude that Supreme Court did not err in resolving it in favor of petitioners. Zoning regulations, being in derogation of the common law, must be strictly construed against the municipality which has enacted and seeks to enforce them, and any ambiguity in the language used must be resolved in favor of the property owner (see, Matter of Allen v Adami, 39 NY2d 275, 277; Matter of Barkus v Kern, 160 AD2d 694, 695-696; Matter of Holland v Leonard, 121 AD2d 830, 831). In view of the absence of a provision in the Zoning Ordinance authorizing respondent to interpret its requirements, respondent's construction is to be afforded no judicial deference (cf., Matter of Frishman v Schmidt, 61 NY2d 823, 825).

Weiss, P. J., Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Contrary to Supreme Court's determination, we view section 270-146 of the Zoning Ordinance as peremptory and not merely permissive (see, Thoreson v Penthouse Intl., 80 NY2d 490, 498; McKinney's Cons Laws of NY, Book 1, Statutes § 240).