■ In the Matter of THOMAS L. ATKINSON et al., Respondents, v DANIEL WILT et al., Constituting the Zoning Board of Appeals of the Town of Arietta, et al., Appellants. [941 NYS2d 798]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered August 26, 2011 in Hamilton County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board

of Appeals of the Town of Arietta finding, among other things, that petitioners' use of their property constituted a tourist accommodation.

Petitioners are the owners of certain real property located in the Town of Arietta, Hamilton County. The parcel in question, which sits on the shores of Piseco Lake, lies within a single- or multi-family residential use district and is improved with a six-bedroom residence. Petitioners purchased the property in late 2009 and, shortly thereafter, joined the local Chamber of Commerce and began advertising the premises on the Internet as a vacation rental. For seven weeks during the summer of 2010, petitioners rented the property on a weekly basis to various parties. The rest of the time petitioners, who intended to use the property primarily as a second home, entertained friends and family there "virtually every single week and . . . weekend."

In July 2010, and as the result of a neighbor's complaint, the zoning enforcement officer for respondent Town of Arietta notified petitioners that they were—in his estimation—operating a tourist accommodation in violation of the Town's Land Use Ordinance. In response, petitioners discontinued advertising on the Internet and elected not to renew their membership in the Chamber of Commerce. Additionally, petitioners sought an interpretation of the Town's Land Use Ordinance permitting them to use their single-family residence for "occasional rentals" or, in the alternative, requested that they be granted a special use permit to do so. The Town's Planning Board denied petitioners' application for a special use permit and, following a public hearing, the Town's Zoning Board of Appeals (hereinafter ZBA) determined, among other things, that petitioners' use of their property constituted a tourist accommodation.

Petitioners thereafter commenced this CPLR article 78 proceeding against respondents contending that the ZBA's determination is irrational in that their property does not fall within the meaning of a "tourist accommodation" as that term is defined in the Town's Land Use Ordinance and, further, that nothing in the Town's zoning law precludes the rental of a single-family residence to vacationing parties. Supreme Court granted petitioners' application and annulled the ZBA's determination, and this appeal by respondents ensued.

We affirm. Although a reviewing court typically will grant great deference to the ZBA's interpretation of a zoning ordinance—disturbing that interpretation "only if it is irrational or unreasonable" (*Matter of Mack v Board of Appeals, Town of Homer*, 25 AD3d 977, 980 [2006]; *see Matter of Kantor v Olsen*, 9 AD3d 814, 815 [2004]; *Matter of Bonded Concrete v Zoning*

*Bd. of Appeals of Town of Saugerties*, 268 AD2d 771, 773 [2000], *lv denied* 94 NY2d 764 [2000])—where, as here, "the issue presented is one of pure legal interpretation of the underlying zoning law or ordinance, deference is not required" (*Matter of Subdivisions, Inc. v Town of Sullivan*, 92 AD3d 1184, 1185 [2012]; *see Matter of Erin Estates, Inc. v McCracken*, 84 AD3d 1487, 1489 [2011]; *Matter of Blalock v Olney*, 17 AD3d 842, 844 [2005]). Further, "[z]oning regulations, being in derogation of the common law, must be strictly construed against the municipality which has enacted and seeks to enforce them, and any ambiguity in the language used must be resolved in favor of the property owner" (*Matter of Hess Realty Corp. v Planning Commn. of Town of Rotterdam*, 198 AD2d 588, 589 [1993]; *see Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan*, 39 AD3d 1041, 1042 [2007]; *Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d 411, 412 [2005]).

Here, the Town's zoning law defines a "single family residence" as "[a] detached building, not including a mobile home, used as the living quarters for one family. The term shall include a seasonal cottage" (Land Use Ordinance of Town of Arietta § 2.020). A "tourist accommodation," in turn, includes "any hotel, motel, resort, tourist cabin or similar transient facility used to house the general public, including an accessory restaurant" (Land Use Ordinance of Town of Arietta § 2.020).

Applying these definitions to the record before us, we agree with Supreme Court that the ZBA's characterization of petitioners' property as a tourist accommodation is irrational. While the manner in which petitioners marketed the property may have been perceived as somewhat aggressive, neither their decision to advertise the property on the Internet as a vacation rental nor their membership in the local Chamber of Commerce transformed the premises from a single-family residence into a tourist accommodation—particularly in view of petitioners' representations that they carefully screened potential renters, thereby belying any assertion that the property was open to the general public. Further, although we do not view either the Internet advertising or the Chamber of Commerce membership as being dispositive of this matter, petitioners' various submissions make clear that they had ceased such activities prior to the underlying public hearing and resulting ZBA determination.

Respondents' further contention—that petitioners' property does not qualify as a single-family residence within the meaning of the Town's Land Use Ordinance because it is not being used "as the living quarters for *one* family" (Land Use Ordinance of Town of Arietta § 2.020 [emphasis added])—is equally unrea-

sonable. Nothing on the face of the Town's Land Use Ordinance expressly prohibits petitioners from renting their residence to vacationers and, on this record, we cannot say that petitioners' decision to do so placed their otherwise obviously residential structure outside the Town's definition of a single-family residence—a definition that, as noted previously, expressly includes a seasonal cottage. Moreover, to the extent that it may be argued that the Town's Land Use Ordinance is unclear in this regard, we need note only that any such ambiguity must be construed in favor of petitioners (*see Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan*, 39 AD3d at 1042; *Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d at 412; *Matter of Hess Realty Corp. v Planning Commn. of Town of Rotterdam*, 198 AD2d at 589). Respondents' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, A.P.J., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.