*579 OPINION OF THE COURT
Michael C. Lynch, J.
This CPLR article 78 proceeding was commenced by order to show cause (Lynch, J.) dated March 26, 2013, and returnable April 30, 2013, to annul a March 13, 2013 decision of the City of Albany Board of Zoning Appeals (BZA) interpreting the term “auditoria” under section 375-14 of the Code of the City of Albany (City of Albany Zoning Ordinance).* The background for this dispute is outlined in the court’s decision and order issued on March 26, 2013 (39 Misc 3d 1201[A], 2013 NY Slip Op 50400[U] [Sup Ct, Albany County 2013, Lynch, J.] [hereinafter Armory 1]) and the court’s decision and order issued on March 28, 2013 granting petitioner’s application for a stay pending a resolution of this proceeding (39 Misc 3d 1204[A], 2013 NY Slip Op 50447[U] [Sup Ct, Albany County 2013, Lynch, J.]). As previously noted, it is undisputed that the Armory is situate in a C-0 district in which an “auditoria” is a principally permitted use. Notably, the Code does not include a definition of the term “auditoria.” Oral argument was held on May 16, 2013.
As a threshold point, this court adheres to its decision in Armory 1 that the BZA had jurisdiction to render the March 13, 2013 determination.
In the challenged March 13, 2013 decision, the BZA resolved petitioner’s December 13, 2012 application as follows:
“Therefore, the Board interprets the meaning of an ‘Auditoria’ by its plain definition and in accordance with its prior 2003 interpretation. An ‘Auditoria’ is a part of a building where an audience sits or a room, hall or building used for gatherings, which includes activities such as sporting events and concerts that involve actual fixed seating for the persons attending. Furthermore, the Board finds that the use of the facility for a ‘Rave’ party, nightclub, dance club or other similar event is excluded *580 from the definition of an ‘Auditoria’, and thus an illegal use in a C-0 Zoning District” (see exhibit J annexed to the petition).
Petitioner challenges this interpretation as irrational and contrary to the BZA’s 2003 determination authorizing the use of the Armory as a concert venue without restrictions as to seating. Petitioner emphasizes that the Armory has been utilized for general assembly purposes since the 2003 approval, including general admission concerts.
A zoning board’s interpretation of its own ordinance is entitled to considerable deference and will be upheld unless it is irrational or unreasonable (see Matter of Letourneau v Town of Berne, 89 AD3d 1202 [2011]; Matter of Smelyansky v Zoning Bd. of Appeals of the Town of Bethlehem, 83 AD3d 1267, 1268-1269 [2011]; Matter of Granger Group v Town of Taghkanic, 77 AD3d 1137, 1141 [2010]; Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan, 39 AD3d 1041 [2007]). Where the dispute involves a matter of pure legal interpretation of a zoning ordinance deference is not required (Matter of Atkinson v Wilt, 94 AD3d 1218, 1219-1220 [2012]). Since zoning regulations are in derogation of the common law, they are strictly construed against the enforcing municipality and any ambiguity is resolved in favor of the property owner (id.).
This court agrees with petitioner’s observation that what is really at issue here is the use of the Armory for certain musical events, that involve general admission and a large dance area. The court does not, however, find support for petitioner’s contention that the challenged decision is a content-based restriction. By its terms, the decision is expressly focused on the event’s activities, not the content of the music.
The question presented is whether the disputed concert/dance events being held at the Armory fit within the definition of “auditoria.” Contrary to the petitioner’s thesis, the 2003 board decision was not a broad based approval of any general assembly concert. By its terms, that determination confirmed that “auditoria” embraced the use of the Armory as a concert venue based on the representation that 5,000 seats would be provided. Moreover, it was reasonable for the BZA to rely upon a dictionary definition of an “auditorium” as a concert venue “in which the audience sits” (see Rosner v Metropolitan Prop. & Liab. Ins. Co., 96 NY2d 475, 479-480 [2001]). Further, it is important to recognize that the Code includes separate “nightclub” and “dance club” definitions that speak to venues that provide both live and/or recorded musical entertainment and dancing.
*581 Given these distinctions, the court finds that the BZA’s interpretation of “auditoria” as embracing a traditional concert involving fixed seating, but not the hybrid musical/dance events at issue is not irrational.
That the Armory is utilized for other general assembly events that do not involve fixed seating does not compel a contrary result. As reflected in the 2007 special use permit, the BZA has authorized certain uses of the Armory, for example, trade shows and flea markets, that certainly involve general admission without fixed seating. That authorization, however, does not determine whether the events at issue qualify as a concert within the scope of the permitted “auditoria” use.
Moreover, the court agrees with respondents that petitioner’s reliance on section 202 of the Existing Building Code of New York State is misplaced. That provision defines a “nightclub” as a facility with live or recorded music “and at least 20 percent of the subject assembly space is for concentrated occupancy, with or without fixed seating” (see petition exhibit L). Here, petitioner emphasizes that the Armory’s dance area is only about 10% of the main concert hall and thus not a “nightclub” as defined in the State Code. The question here, however, is whether the BZA rationally defined the type of concert event embraced within the permitted “auditoria” use, not whether the Armory has been converted into a nightclub.
Accordingly, the petition is dismissed, without costs.

 While petitioner has raised a challenge to respondents’ administrative record on appeal, the court is satisfied with respondents’ explanation as set forth in the responding letter of attorney Sugar dated May 13, 2013, and affidavit of Bradley R Glass dated May 10, 2013. These submittals confirm that the record includes both the records considered by the Board and a transcript of the Board’s proceeding. The additional background materials identified in attorney Teresi’s reply affirmation have been annexed to the petition or included in earlier affidavits submitted to the court. All of these submissions have been considered by the court. The court is satisfied that respondents have complied with CPLR 7804 (e).