■ In the Matter of ALBANY BASKETBALL & SPORTS CORPORATION, Doing Business as WASHINGTON AVENUE ARMORY, Appellant, v CITY OF ALBANY et al., Respondents. [983 NYS2d 337]—

Stein, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered May 22, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent City of Albany Board of Zoning Appeals finding that petitioner's current use of its premises was not a permitted use under the Code of the City of Albany.

Petitioner is the proprietor of the Washington Avenue Ar-

mory, which is located in the City of Albany. The Armory is situated in a commercial office (hereinafter CO) zoning district. Pursuant to a request from petitioner in 2003, respondent City of Albany Board of Zoning Appeals (hereinafter BZA) rendered a determination that, under the Code of the City of Albany (hereinafter Code), certain proposed uses of the Armory were consistent with the permitted use of an auditorium within such zoning district. In October 2012, various events held at the Armory prompted the Division of Buildings and Regulatory Compliance of respondent City of Albany to issue multiple cease and desist orders alleging that, among other things, the events were not among the permitted uses identified in the Code. Petitioner did not challenge these orders. Instead, petitioner and the City entered into a November 2012 memorandum of understanding, in which, as is relevant here, petitioner "agree[d] to submit an application to the [BZA] for a further interpretation/clarification as to which events/uses constitute a permitted use of the premises as an '[a]uditori[um]' " as included in the Code (see Code of City of Albany § 375-72). In December 2012, petitioner made such application and the BZA thereafter held a public hearing on the issue.[1] The BZA issued a determination in March 2013, finding that the "use of the facility for a 'Rave' party, nightclub, dance club or other similar event is excluded from the definition of an '[a]uditori[um]' and thus [is] an illegal use."[2] As a result, petitioner commenced this CPLR article 78 proceeding seeking to annul the BZA's March 2013 determination. Supreme Court dismissed the petition,[3] prompting this appeal.

We reverse. Preliminarily, we note that, inasmuch as the BZA's determination was limited to its interpretation of the term "[a]uditor[ium]" under the Code as applied to the uses now being proposed by petitioner, our review is similarly limited and does not encompass the more general question—which was not before the BZA—of whether the proposed uses may be impermissible under any other provision of the Code. Turning to petitioner's arguments, we reject its assertion that the BZA

---

1. While the BZA's determination was pending, and in response to an Armory event held in March 2013, the City issued an additional order to petitioner to cease and desist from holding " 'Rave Part[ies]' or similar function[s]." Petitioner appealed that order to the BZA.

2. Petitioner contests, among other things, the BZA's characterization of the events in question as "Rave" parties, and asserts that they are akin to a "concert."

3. As a result of the BZA's March 2013 determination, Supreme Court, in a separate order, dismissed as moot petitioner's application for a stay of the March 2013 cease and desist order.

lacked jurisdiction to render its interpretation. General City Law § 81-a (4) provides that, *"[u]nless otherwise provided by local law or ordinance,* the jurisdiction of the board of appeals shall be appellate only" (emphasis added). However, as relevant here, Code of City of Albany § 375-14 (B) grants the BZA the power "[t]o determine if a use not specifically listed is consistent with the enumerated uses in one or more specified districts." Contrary to petitioner's argument, such power is not limited to appellate review. In accordance with the parties' memorandum of understanding and the Code, petitioner requested a determination from the BZA as to whether the proposed uses of the Armory were consistent with the permitted use of an auditorium in a CO-zoned district. Therefore, the BZA had the authority to issue its responsive determination under Code of City of Albany § 375-14 (B).

We next address the merits of the BZA's determination. Courts will annul a determination of a board of zoning appeals only if it is irrational or unreasonable (*see Matter of Saratoga County Economic Opportunity Council, Inc. v Village of Ballston Spa Zoning Bd. of Appeals,* 112 AD3d 1035, 1036 [2013]; *Matter of Atkinson v Wilt,* 94 AD3d 1218, 1219-1220 [2012]; *Matter of Mack v Board of Appeals, Town of Homer,* 25 AD3d 977, 980 [2006]). Although a reviewing court will generally grant deference to the interpretation of an ambiguous zoning ordinance by a board of zoning appeals, where, as here, "the issue presented is one of pure legal interpretation of the underlying zoning law or ordinance, deference is not required" (*Matter of Subdivisions, Inc. v Town of Sullivan,* 92 AD3d 1184, 1185 [2012], *lv denied* 19 NY3d 811 [2012]; *accord Matter of Saratoga County Economic Opportunity Council, Inc. v Village of Ballston Spa Zoning Bd. of Appeals,* 112 AD3d at 1036; *Matter of Atkinson v Wilt,* 94 AD3d at 1220; *see Matter of Blalock v Olney,* 17 AD3d 842, 844 [2005]). Moreover, "[z]oning regulations, being in derogation of the common law, must be strictly construed against the municipality which has enacted and seeks to enforce them, and any ambiguity in the language used must be resolved in favor of the property owner" (*Matter of Hess Realty Corp. v Planning Commn. of Town of Rotterdam,* 198 AD2d 588, 589 [1993]; *accord Matter of Atkinson v Wilt,* 94 AD3d at 1220; *see Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan,* 39 AD3d 1041, 1042 [2007]; *Van Nostrand v Dalmata,* 43 AD2d 752, 752 [1973]).

In its application to the BZA, petitioner proposed to use the Armory for "musical entertainment" events, including those where the audience was "standing for the entire event." The

BZA's conclusion that such proposed use was not permitted in a CO-zoned district was based solely on its interpretation of the term auditorium. Inasmuch as the Code does not contain a definition of that term,[4] we look to its ordinary meaning (*see Matter of Saratoga County Economic Opportunity Council, Inc. v Village of Ballston Spa Zoning Bd. of Appeals*, 112 AD3d at 1037; *Matter of Oefelein v Town of Thompson Planning Bd.*, 9 AD3d 556, 557 [2004]; *Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d 614, 619 [1998], *lv denied* 93 NY2d 803 [1999]).

The BZA correctly noted that certain dictionaries define an "auditorium" as "the area of a concert hall, theatre, school, etc, in which the audience sits" (Harper Collins Online Dictionary, http://www.collinsdictionary.com/dictionary/english/ auditorium [accessed Feb. 28, 2014] [British English Dictionary]) or as "the part of a public building where an audience sits" (Merriam-Webster Online Dictionary, http://www.merriam-webster.com/ dictionary/auditorium [accessed Feb. 28, 2014]). Based on these definitions, the BZA determined that petitioner's use of the Armory for a " 'Rave' party, nightclub, dance club, or other similar event" was inconsistent with the permitted use of an auditorium, because such events did not provide for "actual fixed seating."[5] However, the BZA ignored alternative definitions of an auditorium—set forth in the same dictionaries it used—as "a building for public gatherings or meetings" (http:// www.collinsdictionary.com/dictionary/american/auditorium [accessed Feb. 28, 2014]) or "a large room or building where people gather to watch a performance, hear a speech, etc." (http:// www.merriam-webster.com/dictionary/auditorium [accessed Feb. 28, 2014]), which make no reference to an audience sitting.[6] Even if petitioner's proposed uses of the Armory are inconsis-

---

4. Notably, the Code does provide definitions of, among other things, a nightclub and a dance club (Code of City of Albany § 375-7 [B]), neither of which is listed as a permitted use in a CO-zoned district. However, the BZA did not rest its determination on a finding that petitioner's proposed use satisfied all of the elements of those definitions. Instead, the BZA referred to those definitions to differentiate them from an auditorium and concluded that "events conducted without fixed seating for each patron do not constitute an '[a]uditori[um]' and are therefore not permitted in a [CO] Zoning District."

5. We note that this interpretation of the term auditorium would seemingly disallow other proposed events at the Armory—such as trade shows, conventions, flea markets and other general assembly events—which have never been at issue or determined to be impermissible uses under the Code and for which the BZA previously gave its approval.

6. Notably, Random House Webster's definition is completely silent as to seating, and defines the term as "the space set apart for the audience in a the-

tent with the definitions relied on by the BZA, they are entirely consistent with the commonly used alternative definitions. Resolving, as we must, any ambiguity in favor of petitioner, we conclude that the BZA's determination that the proposed use was impermissible—based solely upon its limited interpretation of the definition of auditorium as requiring fixed seating, to the exclusion of other commonly accepted definitions—was irrational and unreasonable (see Matter of Saratoga County Economic Opportunity Council, Inc. v Village of Ballston Spa Zoning Bd. of Appeals, 112 AD3d at 1038; Matter of Atkinson v Wilt, 94 AD3d at 1220-1221; Van Nostrand v Dalmata, 43 AD2d at 753) and must be annulled.[7]

To the extent not specifically addressed herein, petitioner's remaining contentions have been considered and found to be either academic or without merit.

Peters, P.J., McCarthy and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and determination annulled. **[Prior Case History: 40 Misc 3d 578.]**

---

ater, school, or other public building" or "a building for public gatherings; hall" (Random House Webster's Unabridged Dictionary 135 [2d ed 1999]).

7. We also reject respondents' assertion that the BZA's 2013 determination was a consistent corollary of its approval of petitioner's proposed uses of the Armory in 2003. The 2003 approval was based on a different and more narrow issue presented to the BZA at that time.