■ In the Matter of Boni Enterprises, LLC, et al., Appellants, v Zoning Board of Appeals of The Town of Clifton Park et al., Respondents. [2 NYS3d 631]—

McCarthy, J.P. Appeal from a judgment of the Supreme Court (Crowell, J.), entered July 3, 2013 in Saratoga County, which, among other things, dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review a determination of respondent Zoning Board of Appeals of the Town of Clifton Park interpreting the Town Code of the Town of Clifton Park to prohibit petitioners' proposed development.

Petitioner Boni Enterprises, LLC (hereinafter Boni) and petitioner Country Club Acres, Inc. (hereinafter CCA) own contiguous parcels of real property in the Town of Clifton Park, Saratoga County. Petitioners submitted a revised application for site plan review to the Town of Clifton Park Planning Board, outlining a plan to build 74 one-family dwellings on the Boni parcel and 15 commercial buildings—to be used as office buildings, warehouses and flex space—on the CCA parcel. The Planning Board took the position that it was unable to consider the application because respondent Steven M. Myers, the Town's Zoning Enforcement Officer, believed that there were zoning issues with petitioners' site plan. Based on their disagreement with Myers's interpretation of the Town Code, petitioners appealed to respondent Zoning Board of Appeals of the Town of Clifton Park (hereinafter the ZBA) for a definitive interpreta-

tion of the Town Code's zoning provisions in relation to their site plan. The ZBA upheld Myers's interpretation, which, among other things, determined that multiple one-family dwellings could not be constructed on Boni's parcel.

Petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking, among other things, review of the ZBA's determination. Respondents counterclaimed for declarations that Myers's interpretation of the Town Code was correct. Supreme Court dismissed the petition and did not make any definitive declarations. Petitioners appeal.

Supreme Court erred in deferring to the ZBA's interpretation of the zoning ordinance, and the ZBA erred in its interpretation of the Town Code as it pertains to the Boni parcel. Although courts generally grant deference to a zoning board of appeals regarding its determination, no deference is required if the issue is one of pure legal interpretation of the zoning law (*see Matter of Albany Basketball & Sports Corp. v City of Albany*, 116 AD3d 1135, 1137 [2014], *lv denied* 23 NY3d 907 [2014]; *see also Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 419 [1998]). Because zoning ordinances are in derogation of common law, they must be strictly construed against the municipality that drafted them, and any ambiguity must be resolved in favor of property owners (*see Matter of Albany Basketball & Sports Corp. v City of Albany*, 116 AD3d at 1137; *Matter of Salton v Town of Mayfield Zoning Bd. of Appeals*, 116 AD3d 1113, 1113-1114 [2014]). The Boni parcel is located in a B-1 zoning district, which has 18 listed permitted uses, including one- and two-family dwellings (*see* Town Code of the Town of Clifton Park § 208-32 [A] [14]). Pursuant to section 208-33 (B) of the Town Code, in a B-1 district, "[n]o preexisting building(s) shall be rehabilitated or remodeled or new building(s) constructed on a vacant lot to a size greater than 12% of the lot size, with no single building to have a maximum square footage exceeding 4,800 square feet. Multiple buildings on a lot are allowed as long as the overall density limitations of this article are not exceeded."

Essentially, petitioners argue that the word "buildings" in the last sentence of section 208-33 (B) of the Town Code includes one-family dwellings, leading to the conclusion that the Town Code permits them to build multiple dwellings on the Boni parcel as long as they comply with the density limitations. The parties do not appear to dispute that petitioners' proposal, as submitted, to build 74 one-family dwellings on that parcel would comply with those density limitations. Respondents contend

that the Town Code differentiates between dwellings and other buildings, such that the two words cannot be used interchangeably. For example, in the two subdivisions following the above-quoted language, the Town Code states that landscaping in a B-1 district "shall be in accordance with that similarly associated with residential dwellings" (Town Code of the Town of Clifton Park § 208-33 [C]), and the architectural design of buildings in a B-1 district "shall be consistent with the designs compatible for residential dwellings" (Town Code of the Town of Clifton Park § 208-33 [D]). Part of the purpose of a B-1 district, as noted in the Town Code, is "to allow the conversion of existing residential dwellings and vacant lots into general office uses while maintaining the area's residential character. . . . It is intended that buildings in this district be compatible in size and appearance with residential dwellings" (Town Code of the Town of Clifton Park § 208-30 [A]).

A dwelling clearly falls within the definition of a building under the Town Code, which is defined as "[a] structure wholly or partially enclosed within exterior walls or within exterior and party walls and a roof, affording shelter to persons, animals or property" (Town Code of the Town of Clifton Park § 208-7 [A], building). The word dwelling is defined to include a "*building* designed or used primarily for human habitation" (Town Code of the Town of Clifton Park § 208-7 [A], dwelling [emphasis added]), and a one-family dwelling is defined as "[a] permanent *building* containing only one dwelling unit" (Town Code of the Town of Clifton Park § 208-7 [A], dwelling, one-family [emphasis added]). Respondents are correct that the words building and dwelling are not synonymous and cannot be used interchangeably, because a dwelling is a subset of the broader term building. Stated another way, not every building is a dwelling, but every dwelling is a building. We agree with respondents that respondent Town of Clifton Park probably never envisioned a landowner being able to build 74 one-family dwellings on a single, unsubdivided parcel in a business district. Nevertheless, the plain language of the Town Code, strictly construed against the municipality, must be interpreted as permitting multiple buildings—including one-family dwellings—on a single lot as long as they do not exceed the density limitations (*see* Town Code of the Town of Clifton Park § 208-33 [B]). Accordingly, the ZBA's determination must be annulled to the extent that it incorrectly interpreted that portion of the Town Code.

Supreme Court correctly determined that Local Law No. 8 (1991) of the Town of Clifton Park (hereinafter Local Law No. 8) was properly enacted. Petitioners contend that Local Law No.

8—which amended the zoning ordinance to create a business district covering a certain area that contains the CCA parcel (formerly zoned as a planned development district)—is invalid because it was allegedly enacted without proper notice. The purpose of the notice requirement is to "fairly apprise[ ] the public of the fundamental character of the proposed zoning change" in a manner that "describes the proposed change with reasonable precision" and does "not mislead interested parties into foregoing attendance at the public hearing" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 678 [1996]; *accord Interlaken Homeowners' Assn. v City of Saratoga Springs*, 267 AD2d 842, 845-846 [1999]; *see* Town Law § 264 [1]). Although the notice here did not state that the proposed ordinance would repeal Local Law No. 2 (1970) of the Town of Clifton Park, the notice did state that the proposed ordinance would amend the zoning ordinance in relation to two business districts and identified the geographical area that would be affected, which included the CCA parcel. Thus, the record establishes that the Town gave the required notice that "in general terms describ[ed] the proposed ordinance" (Town Law § 130; *see* Town Law § 264 [1]). Accordingly, respondents are entitled to a declaration that Local Law No. 8 was properly enacted.

The Town's failure to update its zoning map to reflect the 1991 zoning change of the CCA parcel did not render Local Law No. 8 null and void. The Town Code mentions an official zoning map in several places, including section 208-31, which states that "[t]he location and boundaries of the B-1 and B-2 Districts are declared and delineated on the [o]fficial [z]oning [m]ap as attached hereto" (Town Code of the Town of Clifton Park § 208-31), and notes that the zoning map is on file in the Town offices (*see* Town Code of the Town of Clifton Park § 208-30 [A]; § 208-74 [B] [stating that if certain zoning changes are approved, the official zoning map shall be amended to define the new boundaries]). It does not appear that any map is attached to the Town Code. The record does include a full-sized zoning map, dated 2006, which indicates that the CCA parcel is zoned as a planned development district. However, the record does not indicate that the Town ever expressly incorporated this or any other zoning map into the Town Code (*see* Town Law § 265 [2]), nor did the Town adopt an official zoning map pursuant to the procedures set forth in Town Law § 270 (*see Hull v Town of Ithaca*, 139 AD2d 887, 888-889 [1988]; *compare Matter of Oakwood Prop. Mgt., LLC v Town of Brunswick*, 103 AD3d 1067, 1071 [2013], *lv denied* 21 NY3d 853 [2013]). The Town attorney averred that he conducted a diligent search of the Town records and did not

uncover an official map. The record does contain some supplemental zoning maps, dated 1991, no longer showing the CCA parcel zoned as a planned development district, but as a business district—consistent with Local Law No. 8. Section 208-3 (B) states, after a subdivision listing the types of zoning districts in the Town, that "[a] description of district boundaries is on file in the office of the Town Clerk, as well as a map upon which the districts are laid out for ready reference" (Town Code of the Town of Clifton Park § 208-3 [B]). This implies that the written descriptions are controlling, while the map is simply available as a reference tool. The next section, section 208-4 (A), after stating that district boundary lines are generally property lines or center lines of streets "[u]nless shown to the contrary on the [z]oning [m]ap," provides that "[q]uestions concerning the exact location of the district boundary lines shall be resolved by the Zoning Enforcement Officer" (Town Code of the Town of Clifton Park § 208-4 [A]). Inasmuch as the record does not reflect that the Town has adopted an official zoning map, the failure to update its zoning map—which is unofficial and available merely as a reference tool—does not affect the validity of Local Law No. 8.

The parties' remaining contentions have been reviewed and are either academic or without merit.

Garry, Lynch, Devine and Clark, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the claims of petitioner Boni Enterprises, LLC; it is declared that (1) the Town Code of the Town of Clifton Park does not prohibit petitioner Boni Enterprises, LLC from constructing multiple one-family dwellings on a single lot in the B-1 district, (2) Local Law No. 8 (1991) of the Town of Clifton Park was properly enacted and (3) the real property owned by petitioner Country Club Acres, Inc. that is at issue in this litigation is located in the zoning districts as set forth by Local Law No. 8; and, as so modified, affirmed.