*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 22, 2015                    520885
_____

In the Matter of WINTERTON
    PROPERTIES, LLC,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

TOWN OF MAMAKATING ZONING BOARD
    OF APPEALS et al.,
                        Respondents,
                        et al.,
                        Respondents.
_____

Calendar Date:   September 17, 2015

Before:   Peters, P.J., McCarthy, Garry and Rose, JJ.

_____

        Whiteman, Osterman & Hanna, LLP, Albany (John J. Henry of
counsel), for appellant.

        Steven N. Mogel, Monticello, for Town of Mamakating Zoning
Board of Appeals and others, respondents.

_____

Garry, J.

        Appeal from a judgment of the Supreme Court (McGuire, J.),
entered April 3, 2015 in Sullivan County, which partially
dismissed petitioner's application, in a combined proceeding
pursuant to CPLR article 78 and action for declaratory judgment,
to, among other things, review a determination of respondent Town
of Mamakating Zoning Board of Appeals interpreting the Town Code
of the Town of Mamakating as prohibiting petitioner's proposed
development plan.

        Petitioner is the owner of real property in the Town of

Mamakating, Sullivan County. The property had previously been used as a day spa, and petitioner proposes to convert it to use as a mikvah.[1] The subject property is located within an area designated as a Village Center zoning district, and the Town's zoning law permits property in this district to be used for, among other things, "[n]eighborhood places of worship" (Town of Mamakating Zoning Code, Schedule I). The Town Building Inspector issued a written determination that the proposed use conformed with the definition of a neighborhood place of worship and was therefore a permitted use. Following approval of petitioner's site plan by the Town Planning Board, respondents Michael Hassler and Beverly Martin sought review of the Building Inspector's determination by respondent Town of Mamakating Zoning Board of Appeals (hereinafter ZBA). The ZBA disagreed with the determination of the Building Inspector, concluding that a mikvah did not constitute a neighborhood place of worship and disallowing petitioner's proposed use. Petitioner then commenced this combined CPLR article 78 proceeding and action for a declaratory judgment seeking to annul the ZBA's determination, a declaration that the proposed mikvah is a neighborhood place of worship under the Town's zoning law, and an award of costs. Supreme Court dismissed the petition and granted costs, disbursements, and counsel fees to respondents. Petitioner appeals.

Petitioner presented numerous submissions to the ZBA, including letters from religious scholars, seeking to establish that a mikvah constitutes a neighborhood place of worship. These materials established that a mikvah is generally housed in a standalone building set apart from a synagogue and dedicated solely to religious purposes. Under Jewish Law, a mikvah must be built in a new community even before the construction of a synagogue. Jacob Schacter, a rabbi and professor of Jewish history, explained that an individual's immersion in the waters of a mikvah is "a basic religious ritual [of Orthodox Jews] for the purpose of restoring spiritual and family purity." According to Binyamin Hammer, another rabbi, the ritual is "vital to those

---

[1] A mikvah is a bath-like structure used in certain Jewish religious practices.

who observe Jewish laws."  Petitioner's submissions further
showed that immersion in a mikvah is generally accompanied by the
recitation of blessings or prayers.

The parties agree that the term "neighborhood place of
worship" is neither defined in the Town's zoning law, nor does it
appear elsewhere in the Town's ordinances.  The zoning law does
provide, however, that "[w]ords not specifically defined shall
have their ordinary dictionary meanings" (Town of Mamakating
Zoning Code § 199-6 [A]).  Thus, the pertinent inquiry distills
to whether petitioner's proposed mikvah comports with the
dictionary definition of a neighborhood place of worship.
Although courts will ordinarily defer to a zoning board's
interpretation of a local ordinance, when "the issue presented is
one of pure legal interpretation of the underlying zoning law or
ordinance, deference is not required" (Matter of Albany
Basketball & Sports Corp. v City of Albany, 116 AD3d 1135, 1137
[2014] [internal quotation marks and citation omitted], lv denied
23 NY3d 907 [2014]; see Matter of Raritan Dev. Corp. v Silva, 91
NY2d 98, 102 [1997]).  The issue posed is susceptible to
resolution as a matter of law by interpretation of the ordinance
terms.

"Neighborhood" is defined as "the immediate vicinity; the
area near or next to a specified place" (Black's Law Dictionary
[10th ed 2014]).  A "place" is "a building, location, etc., set
aside for a specific purpose" (Random House Webster's
Unabridged Dictionary 1478 [2d ed 1998]).  "Worship" is defined
as "[a]ny form of religious devotion, ritual, or service showing
reverence, esp[ecially] for a divine being or supernatural power"
(Black's Law Dictionary [10th ed 2014]).  Thus, the dictionary
meaning of neighborhood place of worship – and consequently the
definition of that term under the Town's zoning law – is a
building or location set aside in a certain area for any form of
religious devotion, ritual or service showing reverence,
especially for a divine being or supernatural power.

As petitioner asserts, the ZBA imposed an additional
requirement of communal worship in its interpretation.  The terms
of the ordinance do not support this requirement, nor do we find

it to be either established or supported by the dictionary definition, as set forth above.[2]  In interpreting a zoning law, a zoning board of appeals "may not insert conditions or criteria into a zoning ordinance governing allowable uses in a zoned district that are not contained in the statutory language adopted" (Matter of Saratoga County Economic Opportunity Council, Inc. v Village of Ballston Spa Zoning Bd. of Appeals, 112 AD3d 1035, 1037 [2013]).  Moreover, respondents' proposed definition would, even if accepted, merely evidence an "ambiguity in the language employed [that] must be resolved in favor of the property owner" (Matter of Subdivisions, Inc. v Town of Sullivan, 92 AD3d 1184, 1185 [2012] [internal quotation marks and citation omitted], lv denied 19 NY3d 811 [2012]; see Matter of Albany Basketball & Sports Corp. v City of Albany, 116 AD3d at 1137; Matter of Atkinson v Wilt, 94 AD3d 1218, 1220 [2012]).

Upon review, we find that the uncontroverted evidence establishes that a mikvah comports with the definition of a neighborhood place of worship and, thus, constitutes the same for purposes of the Town's zoning law.  Accordingly, Supreme Court erred in dismissing the petition to that extent (see Matter of Albany Basketball & Sports Corp. v City of Albany, 116 AD3d at 1139; Matter of Arceri v Town of Islip Zoning Bd. of Appeals, 16 AD3d 411, 412-413 [2005]).  However, as there is no evidence that the ZBA "acted with gross negligence or in bad faith or with malice," we reject petitioner's contention that an award of costs should be rendered (Town Law § 267-c [2]; see Matter of Mason v Zoning Bd. of Appeals of Town of Clifton Park, 72 AD2d 889, 890 [1979]).  Further, we vacate the award of costs, disbursements and counsel fees to respondents.  In light of this disposition, petitioner's remaining arguments are rendered

---

[2]  In so holding, we do not overlook the public hearing statements of a ZBA member regarding a "consensus of a definition" based upon research that she had performed in an attempt to define the term "place of worship."  While the ZBA member concluded that there was a component involving congregations, no clear dictionary authority to this effect has been cited, either at that hearing or in the briefs upon appeal.

academic.

Peters, P.J., McCarthy and Rose, JJ., concur.


ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as (1) dismissed that part of the petition seeking to annul the determination of respondent Town of Mamakating Zoning Board of Appeals prohibiting petitioner's proposed development plan, and (2) awarded costs, disbursements and counsel fees to respondents; said determination annulled, the award of costs, disbursements and counsel fees vacated, and it is declared that petitioner's proposed mikvah is a neighborhood place of worship for purposes of the Town of Mamakating Zoning Code; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court