Lahtinen, J.P.
Appeal from a judgment of the Supreme Court (Melkonian, J.), entered June 2, 2014 in Ulster County, which dismissed petitioner’s application, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, to, among other things, review a determination of respondent Zoning Board of Appeals of the Town of Hurley requiring petitioner to obtain a special use permit.
Petitioner owns and considers as his permanent residence a two-bedroom single-family residence located on about four acres in the Town of Hurley, Ulster County. The residence is in an area zoned A-4 residential. In 2012, he began listing the property on the Internet offering to rent it for terms ranging from one night to a month or an entire season. According to petitioner, he always rents the entire residence, he does not stay there when the residence is rented, and he does not serve or offer any food or beverages. Respondent Glenn Hofstatter, the code enforcement officer for the Town, issued petitioner an order to remedy for illegally operating a bed-and-breakfast or *1175 hotel. Petitioner appealed to respondent Zoning Board of Appeals of the Town of Hurley (hereinafter ZBA), which determined that, under the Town Code, petitioner’s short-term rentals were not allowed unless he obtained a special use permit. He commenced this combined CPLR article 78 proceeding and action for declaratory judgment. Supreme Court dismissed the petition and declared that petitioner’s due process and equal protection rights were not violated. Petitioner appeals contending that the Town Code does not require a special use permit for the type of short-term rentals that he provides.
Judicial review of a determination of a zoning board of appeals is generally deferential (see Matter of Meier v Village of Champlain Zoning Bd. of Appeals, 129 AD3d 1364, 1365 [2015]), and that body is accorded reasonable discretion in interpreting an ordinance that addresses an area of zoning “where it is difficult or impractical for a legislative body to lay down a rule which is both definitive and all-encompassing” (Matter of Frishman v Schmidt, 61 NY2d 823, 825 [1984]). However, where, as here, “ ‘the issue presented is one of pure legal interpretation of the underlying zoning law or ordinance, deference is not required’ ” (Matter of Albany Basketball & Sports Corp. v City of Albany, 116 AD3d 1135, 1137 [2014], lv denied 23 NY3d 907 [2014], quoting Matter of Subdivisions, Inc. v Town of Sullivan, 92 AD3d 1184, 1185 [2012], lv denied 19 NY3d 811 [2012]). Since “zoning restrictions are in derogation of the common law . . . [they] are strictly construed against the regulating municipality” (Matter of Saratoga County Economic Opportunity Council, Inc. v Village of Ballston Spa Zoning Bd. of Appeals, 112 AD3d 1035, 1036 [2013]; see FGL & L Prop. Corp. v City of Rye, 66 NY2d 111, 115 [1985]).
Petitioner’s activity does not fit neatly into the definitions in the Town Code. The Town Code does not appear to have been updated to consider the ramifications from the emergence of the so-called “sharing economy,” which includes the type of house sharing or short-term rentals recently made popular by various platforms on the Internet (see generally The Rise of the Sharing Economy, The Economist, Mar. 9, 2013, http://www. economist, com/news/leaders/215 73014-internet-everything-hire-rise-sharing-economy [accessed Oct. 26, 2015]; Jamila Jefferson-Jones, Airbnb and the Housing Segment of the Modern “Sharing Economy”: Are Short-Term Rental Restrictions an Unconstitutional Taking? 42 Hastings Const. L.Q. 557 [2015]; cf. Matter of Atkinson v Wilt, 94 AD3d 1218, 1219 [2012]). Residential uses of one-family dwellings are permitted *1176 in the relevant A-4 district under the Town Code. And, absent the challenged short-term rentals, petitioner’s property is undisputedly a one-family dwelling. The issue thus distills to whether the rentals removed the property from the definition of residential one-family dwellings and whether such activity fits under another definition in the Town Code.
Although the ZBA did not determine the category of use that petitioner’s activity constituted under the Town Code, it upheld Hofstatter’s determination, which had labeled the use as either a bed and breakfast or hotel. However, petitioner’s use of the property does not fall under the definitions in the Town Code of either of these. Petitioner’s residence, among other things, did not have “a common exterior entrance or entrances” as set forth in the definition of a hotel. Moreover, since petitioner always rented the entire premises and he did not remain on the premises when rented, it was not an “owner-occupied dwelling” in which only “rooms” were being rented as provided in the definition of a bed-and-breakfast. Although the definitions of “dwelling” and “residences” excluded various activities, including motel, hotel and “transient” occupancy, the term transient is not defined and, when considered in the context of the entire Town Code, does not clearly apply to petitioner’s activity. Inasmuch as petitioner’s use does not fall within the definition of activities requiring a special use permit, and the Town Code does not otherwise “expressly prohibit [ ] petitioner [ ] from renting [his] residence to vacationers [,] ... we cannot say that petitioner[’s] decision to do so placed [his] otherwise obviously residential structure outside the Town’s definition of a [residential one-family dwelling]” (Matter of Atkinson v Wilt, 94 AD3d at 1221). We do, however, agree with Supreme Court that petitioner failed to establish a denial of due process or equal protection.
Garry, Egan Jr. and Clark, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the petition; petition granted to the extent of annulling the determination of respondent Zoning Board of Appeals of the Town of Hurley; and, as so modified, affirmed.