■ In the Matter of GARRICK BLALOCK et al., Appellants, v WILLIAM OLNEY et al., Constituting the Board of Zoning Appeals of the City of Ithaca, et al., Respondents. [793 NYS2d 583]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Mulvey, J.), entered August 20, 2004 in Tompkins County, which, inter alia, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Zoning Appeals of the City of Ithaca granting respondent Cayuga Country Homes, Inc. a building permit.

In this CPLR article 78 proceeding, petitioners challenge the issuance of a building permit to respondent Cayuga Country Homes, Inc. for the construction of a residence on a corner lot located at 201 Cobb Street in the City of Ithaca, Tompkins County. The petition asserts that the building permit was erroneously issued since the rear-yard requirement, the front-yard setback requirement and the maximum coverage requirements of the Ithaca City Code (hereinafter Code) were violated. Supreme Court, after determining that petitioners are not barred from bringing this proceeding by the doctrine of laches, concurred with the opinions of respondent Building Commissioner of the City of Ithaca and the Board of Zoning Appeals of the City of Ithaca (hereinafter Board) that, insofar as corner lots are concerned, the Code's yard requirements are ambiguous. The court found the Board's resolution of the ambiguity to be rational and that the building permit was not issued in violation of the rear-yard setback requirement. Also, the court affirmed the Board's finding that the building does not exceed the permissible maximum lot coverage of 25% and deferred to the Board's interpretation of the Code that excluded the front steps in determining the front-yard setback requirement of 25 feet. Petitioners appeal.

First, we do not find that Supreme Court erred in affirming the Board's conclusion that the house does not violate the maximum coverage area of 25% of the lot. The balance of the decision, however, is more problematic. Supreme Court determined, by comparing various provisions of the Code, that a corner lot must have two front yards, two side yards and a rear yard—"a geometric impossibility." Usually, a court reviewing an allegedly ambiguous zoning ordinance gives great deference to a

zoning board's interpretation of the municipality's local ordinance and does not disturb it unless it is irrational or unreasonable (*see Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties*, 268 AD2d 771, 773 [2000], *lv denied* 94 NY2d 764 [2000]). Where, however, as here, the issue is one of pure legal interpretation of statutory terms, deference is not required (*see Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 102 [1997]). If apparently conflicting provisions of a statute can be reconciled, they ought to be (*see Matter of Sun Beach Real Estate Dev. Corp. v Anderson*, 98 AD2d 367, 369 [1983], *affd* 62 NY2d 965 [1984]).

The Code, as a general proposition, requires lots to have a front yard, a rear yard and two side yards (*see* Ithaca City Code § 325-8 [A] [13]). Nevertheless, the Code recognizes that corner lots cannot comply with the general rule and makes specific provision that the yard on the opposite side of the lot from the street whose address the lot bears is the rear yard (*see* Ithaca City Code § 325-8 [A] [14] [d]). Further, pursuant to Ithaca City Code § 325-19 (D), buildings erected on corner lots in residential districts must conform to the minimum front-yard requirements and are deemed to have two adjoining front yards. As specific rules prevail over the general rule when the circumstances for their operation are present (*see Catlin v Sobol*, 77 NY2d 552, 563-564 [1991]), these seemingly conflicting provisions are harmonized so that a corner lot has two front yards, one rear yard and one side yard. Since the rear-yard setback is a minimum of 20 feet (*see* Ithaca City Code § 325-18 [C]), this building permit should not have been issued permitting the rear-yard setback to be less than 20 feet.

Lastly, we have carefully reviewed the memorandum of the Building Commissioner, relied on by the Board in making its decision, and the Board determination, and we are unable to conclude that either specifically addressed whether the width of the front steps is included to determine whether the 25-foot front-yard setback has been violated. While an oblique reference was made, we cannot say that the Board interpreted the Code with respect to this issue. As a result, there is no Board decision to which deference can be given on this issue.

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and determination annulled.