FIFTH AVENUE PRESBYTERIAN CHURCH, Gladys Escalera, Nicholas Nesron, William P. Rasmussen, Donald J. Robison, Veronica A. Lester,

Alfred McKenzie, Alfred Brown, Dennis Paige, Peabody Dennis, Stefan Pary and Margaret Shafer, Plaintiffs–Appellees–Cross–Appellants,

v.

CITY OF NEW YORK, Bernard Kerik, Rudolph Giuliani, Raymond W. Kelly and Michael R. Bloomberg, Defendants–Appellants–Cross–Appellees.

No. 04–6299–CV.

United States Court of Appeals, Second Circuit.

April 26, 2006.

Carter G. Phillips, Sidley Austin Brown & Wood LLP, Washington, D.C., for Plaintiffs–Appellees–Cross–Appellants.

Mordecai Newman, Assistant Corporation Counsel, New York City Law Department, New York, New York, for Defendants–Appellants–Cross–Appellees.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, Circuit Judges. and EDWARD R. KORMAN,* District Judge.

## SUMMARY ORDER

Defendants-appellants-cross-appellees ("the City") appeal from the memorandum and order entered October 29, 2004, in the United States District Court for the Southern District of New York (Lawrence M. McKenna, *J.*), granting plaintiffs-appellees-cross-appellants' ("the Church") motion for summary judgment in part and denying the City's motion in part. *Fifth Ave. Presbyterian Church v. City of New York*, No. 01 Civ. 11493, 2004 WL 2471406

* The Honorable Edward R. Korman of the United States District Court for the Eastern

(S.D.N.Y. Oct. 29, 2004). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

This Court reviews *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party. *Giordano v. City of New York*, 274 F.3d 740, 746 (2d Cir.2001). Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

The judgment of the district court from which the City appeals is a permanent injunction. While it enjoins the defendants "from entering onto the property of the plaintiff Fifth Avenue Presbyterian Church ... for the purposes of dispersing or arresting any person who shall be sleeping or otherwise lawfully on that property," it does not "limit the authority of the New York City Police Department to arrest any person for other conduct that is unlawful, or from removing from Church property anyone who is present there without the consent of the Church, or from removing homeless persons from Church property during a winter alert officially declared by the New York City Department of Health."

While we do not agree with all of the reasons set forth in the Memorandum and Order, we affirm and add these observations.

■ When discussing the City's public nuisance justification, the district court correctly noted that the City did not proffer any evidence that the conduct endangers or injures anyone's health. Indeed,

District of New York sitting by designation.

**200**

the City provided no medical evidence that the homeless people who spent the night on Church property constituted a health risk to themselves or to the public at large. We note that mere speculation about potential injuries is insufficient to establish the existence of a public nuisance. Moreover, the City's public nuisance argument arose over the course of this litigation. All of the public nuisance evidence cited in the City's brief was gathered after the implementation of its ban on outdoor sleeping on Church property. At the time of the raids, the City did not cite the alleged health and administrative code violations upon which it now relies as justification for its actions.

The district court cites New York City Administrative Code § 10–125(a)(2) for the proposition that the Code includes "sidewalks" in its definition of a public space. *See Fifth Ave. Presbyterian Church,* 2004 WL 2471406, at *12. Section 10–125, however, pertains solely to the consumption of alcohol in public places and it explicitly limits its definitions to terms "whenever used in this section." *See* § 10–125(a). Therefore, we cannot endorse the district court's use of § 10–125.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.