■ In the Matter of SUBDIVISIONS, INC., et al., Appellants, v TOWN OF SULLIVAN et al., Respondents. [938 NYS2d 682]—

Egan Jr., J.

The relevant facts are more fully set forth in our prior decisions (86 AD3d 830 [2011]; 75 AD3d 978 [2010]). The instant CPLR article 78 proceeding is an offshoot of an underlying declaratory judgment action, which involves a protracted zoning dispute as to petitioners' entitlement to nonconforming use status for an 80-acre parcel of land (hereinafter the subject parcel) owned by petitioner Subdivisions, Inc. and located on County Route 23, commonly known as Quarry Road, in the Town of Sullivan, Madison County. Historically, Subdivisions' predecessors in interest mined both the subject parcel, which lies on the east side of Quarry Road and is zoned for agricultural use, as well as another parcel, which lies on the west side of Quarry Road and is zoned for industrial use.

In 2004, prior to the commencement of the declaratory judgment action, petitioners applied for a special use permit seeking to mine minerals on the subject parcel. For reasons that are not entirely clear from the record, the Planning Board of respondent Town of Sullivan tabled petitioners' application and, for nearly five years, the Planning Board and respondent Town of Sullivan Zoning Board of Appeals (hereinafter ZBA) debated the issue—with each entity, in effect, looking to the other to render a ruling.[1] In January 2009, the ZBA concluded that a then

---

1. While petitioners' application for a special use permit was pending before the Planning Board, they apparently sought (or were directed to seek) an interpretation—first from the Town's zoning enforcement officer and ultimately from the ZBA—of the Town's zoning law relative to the issue of whether mining was permitted in an agricultural zone. This request ultimately triggered the determination that gave rise to this proceeding.

recently enacted local law, which established new districts relative to mining and quarrying operations, rendered petitioners' application moot. Petitioners challenged that determination and, in March 2010, Supreme Court, among other things, annulled both the local law and the ZBA's determination and directed that a hearing be held for the purpose of ascertaining whether the Town's 1979 zoning law prohibited mining and/or quarrying on the subject parcel.

Following that hearing in May 2010, the ZBA found that "mineral resource uses are prohibited in agricultural districts under the 1979 [zoning law], either with or without the issuance of a special use permit," and petitioners thereafter commenced this CPLR article 78 proceeding to challenge that determination. By order entered November 19, 2010, Supreme Court dismissed petitioners' application, finding that the ZBA's interpretation of the Town's 1979 zoning law was neither irrational nor unreasonable. Petitioners now appeal, contending that the Town's zoning law is ambiguous.

When a reviewing court is confronted with an allegedly ambiguous zoning law, it generally will grant great deference to the ZBA's interpretation thereof—disturbing such interpretation "only if it is irrational or unreasonable" (*Matter of Mack v Board of Appeals, Town of Homer*, 25 AD3d 977, 980 [2006]; *see Matter of Blalock v Olney*, 17 AD3d 842, 843-844 [2005]; *Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties*, 268 AD2d 771, 773 [2000], *lv denied* 94 NY2d 764 [2000]). If, however, the issue presented is one of pure legal interpretation of the underlying zoning law or ordinance, deference is not required (*see Matter of Mack v Board of Appeals, Town of Homer*, 25 AD3d at 980; *Matter of Blalock v Olney*, 17 AD3d at 844). As zoning regulations are in derogation of the common law, they must be strictly construed against the municipality that enacted them and "any ambiguity in the language employed must be resolved in favor of the property owner" (*Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties*, 268 AD2d at 774; *see Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d 411, 412 [2005]; *Matter of Nicklin-McKay v Town of Marlborough Planning Bd.*, 14 AD3d 858, 863 [2005]).

Pursuant to the terms of the Town's zoning law, "the regulations limiting the use of buildings and land" are set forth in the accompanying "zoning schedule" (Town of Sullivan Zoning Law, art IV, § 7). This zoning schedule, in turn, lists—for each of the zoning districts established thereunder (*see* Town of Sullivan Zoning Law, art III, § 3)—the "principal" or primary uses "either permitted by right . . . or upon approval of a special

permit" (Town of Sullivan Zoning Law, Appendix A, Zoning Schedule n 10). The corresponding provisions of the zoning law governing the issuance of special use permits also refer back to the zoning schedule, noting that "[s]pecial [u]ses to be considered by the Planning Board are listed in the [z]oning [s]chedule" (Town of Sullivan Zoning Law, art V, § 9 [C]). As relevant here, "special uses" in an agricultural district include "tourist home, veterinary, cemetery, hotel/motel, club, motor [vehicle] wrecking yard, riding stable [and] mobile dwelling (farm use)" (Town of Sullivan Zoning Law Zoning Schedule).

In support of their argument that mineral resource uses are prohibited in an agricultural district, respondents note that "[i]t is a basic tenet of zoning jurisprudence that an ordinance which lists permitted uses excludes any uses that are not listed" (*Incorporated Vil. of Old Westbury v Alljay Farms*, 100 AD2d 574, 575 [1984], *mod* 64 NY2d 798 [1985]; *see Matter of Moody Hill Farms v Zoning Bd. of Appeals of Town of N. East*, 199 AD2d 954, 956 [1993], *lv denied* 83 NY2d 755 [1994]). As mineral resource uses are not listed on the zoning schedule as permitted uses in an agricultural district (either as of right or with a special use permit), the argument continues, it necessarily follows that such uses are prohibited.

The flaw in respondents' argument on this point is that mineral resource uses are not expressly listed as permitted uses *anywhere* in the zoning schedule. Hence, a literal application of the foregoing legal principle to the Town's zoning schedule would lead to the inevitable conclusion that mining or quarrying operations are not permissible anywhere in the Town, which plainly is not the case—as evidenced by, among other things, the existing mining/quarrying operations on the west side of Quarry Road.[2] That mineral resource uses are both permissible under and contemplated by the Town's zoning law—albeit in some undefined location—also is apparent upon review of the provision of the law governing the issuance of special use permits (*see* Town of Sullivan Zoning Law, art V, § 9 [C]). This provision sets forth the additional standards of review that are to be employed when evaluating an application for a special use permit for certain expressly delineated uses—including, insofar as is relevant here, mineral resource uses. Simply put, if the is-

---

2. While it is true that such operations are conducted within the confines of a special industrial district expressly created by the 1979 zoning law to encompass petitioners' quarrying activities at that location, this does not change the fact that the zoning schedule itself—the document purportedly setting forth all land use restrictions and regulations for the Town—makes no express reference to mineral resource uses.

suance of a special use permit for mineral resource uses was not permissible under the Town's zoning law, there would be no need to specify the particular standards to be considered in the evaluation thereof. Although respondents argue that this section of the Town's zoning law only speaks to the issuance of special use permits for mineral resource uses where such uses are allowed, that claim only begs the question of where—on the face of the zoning schedule—that might be.

Although we appreciate that a municipality cannot be expected—when crafting a zoning ordinance—to anticipate each and every potential use to which a property owner may wish to put his or her property, the zoning law here is, in our view, so poorly written with respect to identifying the zoning district(s) within which mineral resource uses are permitted as to be ambiguous. As such ambiguity must be resolved in favor of petitioners (*see Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d at 412; *Matter of Nicklin-McKay v Town of Marlborough Planning Bd.*, 14 AD3d at 863; *Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties*, 268 AD2d at 774), we conclude that the ZBA's determination that "mineral resource uses are prohibited in agricultural districts under the 1979 [zoning law], either with or without the issuance of a special use permit," is unreasonable and irrational. Accordingly, the ZBA's determination is annulled, and the underlying petition is granted to that extent.

As a final matter, although admittedly discussed in the context of ascertaining whether the Town's zoning law was ambiguous, we disagree with Supreme Court's related conclusion that the Planning Board is not authorized to issue special use permits for mineral resource uses. While the Town's governing body indeed is empowered to delegate or reserve unto itself the authority to issue special use permits in conformity with the Town's zoning law (*see* Town Law § 274-b [2]; Rice, Practice Commentaries, McKinney's Cons Laws of NY, Book 61, Town Law § 274-b, at 7), we are unable to discern anything in the 1979 version of the zoning law itself that precludes the Planning Board from entertaining such an application in the first instance.[3]

Rose, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted to the extent set forth herein and determination annulled.

---

3. That is not to say that petitioners are entitled to a special use permit for mineral resource uses on the subject parcel only that the Planning Board can (and should) review petitioners' application on the merits and, after due consideration of the relevant standards, approve or deny it.