*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    519590
_____

In the Matter of STEPHEN J.
    MEIER,
                      Appellant,

        v                                    MEMORANDUM AND ORDER

VILLAGE OF CHAMPLAIN ZONING
    BOARD OF APPEALS,
                      Respondent.
_____

Calendar Date:  April 27, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

                      _____


        Stephen J. Meier, Champlain, appellant pro se.

        Justin R. Meyer, Plattsburgh, for respondent.

                      _____


Clark, J.

        Appeal from a judgment of the Supreme Court (Muller, J.),
entered October 31, 2013 in Clinton County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent denying
petitioner's application for an interpretation of the Village of
Champlain's Zoning Code.

        Petitioner owns a residence in the Village of Champlain,
Clinton County where, beginning in 2011, he kept several
chickens.  Pursuant to the Village of Champlain Zoning Code,
petitioner's home is located in a residential district and, in
2013, the Zoning Enforcement Officer for the Village, Michael
Tetreault, notified petitioner that he was not allowed to keep
chickens at his residence as such use was considered agricultural

and not permitted in a residential zoning district.  In response, petitioner applied to respondent for an appeal, seeking an interpretation of the Village Zoning Code and an appeal from Tetreault's decision.  Following a meeting of respondent, petitioner's application was denied and Tetreault's interpretation was affirmed.  Petitioner subsequently commenced this CPLR article 78 proceeding seeking to annul respondent's determination.  Supreme Court dismissed the petition and petitioner now appeals.

We affirm.  Generally, a zoning board's interpretation of a zoning law is afforded great deference and will only be disturbed "if it is irrational or unreasonable" (Matter of Mack v Board of Appeals, Town of Homer, 25 AD3d 977, 980 [2006]; accord Matter of Subdivisions, Inc. v Town of Sullivan, 92 AD3d 1184, 1185 [2012], lv denied 19 NY3d 811 [2012]).  However, "no deference is required if the question is merely the pure legal interpretation of an ordinance" (Matter of Salton v Town of Mayfield Zoning Bd. of Appeals, 116 AD3d 1113, 1114 [2014]; see Matter of Subdivisions, Inc. v Town of Sullivan, 92 AD3d at 1185).  Further, zoning laws are "strictly construed against the municipality that enacted them and 'any ambiguity in the language employed must be resolved in favor of the property owner'" (Matter of Subdivisions, Inc. v Town of Sullivan, 92 AD3d at 1185, quoting Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties, 268 AD2d 771, 774 [2000], lv denied 94 NY2d 764 [2000]; see Matter of Salton v Town of Mayfield Zoning Bd. of Appeals, 116 AD3d at 1114).

Here, Village of Champlain Zoning Code § 119-20 (B) states that the permitted uses in an R1 residential district are "one- and two-family dwellings" and "accessory uses."  The code allows for accessory uses that are "of a nature customarily incidental and subordinate to the principal use of the structure, such as garages, outbuildings, swimming pools, energy collection devices and the keeping of domesticated animals" (Village of Champlain Zoning Code § 119-16).  The code also defines "agriculture" as "[t]he use of land for agricultural purposes, including tilling of the soil, dairying, pasture, apiculture, arboriculture, horticulture, floriculture, viticulture, forestry, animal and poultry husbandry and the necessary accessory uses for packing or

storing of products" (Village of Champlain Zoning Code § 119-16). The code further states that "[a]ny use not listed as permitted [w]ithin a [z]oning district is assumed to be prohibited in that [z]oning district" (Village of Champlain Zoning Code § 119-191).

Insofar as petitioner seeks an interpretation of the Village of Champlain Zoning Code to determine whether the keeping of chickens fell within a permissible accessory use or an impermissible agricultural use, the question before us is purely legal. In this regard, respondent affirmed Tetrault's interpretation of the code as classifying the keeping of chickens as an agricultural use and determined that such use was not permitted in a residential zone. Because poultry husbandry is included in the definition of agriculture (see Village of Champlain Zoning Code § 119-16), this interpretation was neither irrational nor unreasonable (see Matter of Salton v Town of Mayfield Zoning Bd. of Appeals, 116 AD3d at 1114-1115; Sarris v Town of Clifton Park, 38 AD3d 981, 983 [2007], lv denied 8 NY3d 814 [2007]). Accordingly, reversal is not warranted.

Petitioner's remaining contentions, to the extent that they are properly before us, have been examined and found to be without merit.

McCarthy, J.P., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court