*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                    520841
_____

In the Matter of EDSCOTT
    REALTY CORP.,
                        Appellant,

        v

TOWN OF LAKE GEORGE PLANNING              MEMORANDUM AND ORDER
    BOARD,
                        Respondent,

        and

CHARLES LaPLANTE et al.,
                        Respondents.
_____

Calendar Date:  October 13, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Clark, JJ.

_____

        Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (John
D. Wright of counsel), for appellant.

        Caffry & Flower, Glens Falls (John W. Caffry of counsel),
for Charles LaPlante and another, respondents.

_____

Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Krogmann, J.),
entered June 16, 2014 in Warren County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Town of Lake
George Planning Board granting conditional site plan approval to
respondents Charles LaPlante and Veronika LaPlante.

Petitioner is the owner of certain real property located along the western shore of Lake George in the Town of Lake George, Warren County, upon which petitioner operates the Olympian Village Motel. Respondents Charles LaPlante and Veronika LaPlante own an adjacent parcel of land to the north of petitioner's property upon which they operate a motel known as the Stepping Stones Resort. The properties in question are separated by a stockade fence – the existence and height of which has been the subject of prior litigation. Insofar as is relevant here, the LaPlantes applied for and were granted an area variance by the Town of Lake George Zoning Board of Appeals (hereinafter ZBA) to make certain modifications relative to the height of the existing fence, which extends approximately 534 feet from the shoreline of Lake George to State Route 9N. Supreme Court subsequently upheld the ZBA's issuance of the subject variance, but remitted the matter for consideration and application of Code of the Town of Lake George § 175-23, which establishes a Shoreline Overlay District and addresses, among other things, the screening requirements for all structures located within 300 feet of the mean high-water mark of Lake George. Upon remittal, the ZBA concluded that application of the cited ordinance was a matter for respondent Town of Lake George Planning Board to resolve.

The LaPlantes then applied for site plan review – setting forth the existing number of trees along the fence line and describing the vegetation already in place. The Planning Board – after expressly referencing the number of trees "up through the fence line" – conditionally approved the LaPlantes' application,[1] prompting petitioner to commence this CPLR article 78 proceeding to challenge the Planning Board's determination. Supreme Court dismissed petitioner's application and, in so doing, rejected petitioner's interpretation of the screening requirements and found that the Planning Board's determination was in all respects rational. This appeal by petitioner ensued.

---

[1] Such approval was subject to a requirement that the portion of the fence that extends onto the LaPlantes' dock be replaced with a less visually obstructive railing.

Code of the Town of Lake George § 175-23 (D) (3) provides that "[a]ll structures, including accessory structures, except docks and boathouses that are within 300 feet of the mean high-water mark of Lake George shall be screened by vegetation or landscaped in such a way so that the view of the structures from the water is filtered and the visual impact minimized. This screening will be of a buffer type B as described in the landscape and screening provisions of the commercial design guidelines, unless otherwise prescribed by the Planning Board. The intent of these regulations is to provide a filtered view to promote a see-out-not-in policy." A type B buffer, in turn, requires a minimum landscaped width of 20 feet with three trees (at least six feet in height) per 100 linear feet of buffer (see Code of Town of Lake George § 175, Appendix I, § 8.2.8.2, Table 3).

Petitioner initially argues that interpretation of the cited ordinance presents a purely legal question to which no deference to the Planning Board's interpretation is required and, as the Planning Board granted conditional site plan approval without requiring the installation of any screening on the south side of the subject fence, its determination in this regard necessarily was arbitrary and capricious. We disagree. Although the ordinance indeed requires that the view of the fence from the water be "filtered," contrary to petitioner's assertion, "filtered" is not the functional equivalent of "invisible." Similarly, the directive that the visual impact of the fence be minimized does not require that it be eliminated altogether. Further, nothing on the face of Code of the Town of Lake George § 175-23 (D) (3) or the accompanying design guidelines mandates that the screening requirements embodied therein be applied to both sides of the fence. Rather, it is apparent that the relevant inquiry is whether — taken as a whole — the view of the fence from the water has been sufficiently filtered and the visual impact thereof has been adequately minimized. This, in turn, is precisely the type of subjective, fact-based determination to which we accord the Planning Board's findings "great deference" (Matter of Erin Estates, Inc. v McCracken, 84 AD3d 1487, 1489 [2011] [internal quotation marks and citation omitted]; see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413, 420-421 [1998]).

Here, in addition to the documentation contained in the LaPlantes' site plan application, which included a summary of the area variance previously granted, a description of the existing trees and vegetation along the fence line and various maps, drawings, surveys and photographs of the LaPlantes' property, the Planning Board considered the arguments made by counsel for the respective parties, as well as the observations made by one of its members, who personally visited the site and made specific reference to the number of trees along the fence line. In light of these submissions and findings, the record as a whole provides a rational basis for the Planning Board's determination. Notably, the plain language of Code of the Town of Lake George § 175-23 (D) (3) affords the Planning Board some measure of discretion relative to the subject screening requirements, and it is not the role of the courts to second-guess reasoned administrative determinations that otherwise find support in the record (see Matter of Schaller v Town of New Paltz Zoning Bd. of Appeals, 108 AD3d 821, 823 [2013]; Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d 1347, 1350 [2013]; Matter of Druyan v Village Bd. of Trustees of the Vil. of Cayuga Hgts., 96 AD3d 1207, 1208 [2012]).

To the extent that petitioner's challenge to the type and height of the fence itself falls within the scope of the Planning Board's grant of conditional site plan approval, we again discern no basis upon which to disturb the Planning Board's determination. The purpose of site plan review "is to allow the proper integration into the community" of various uses and structures — specifically with respect to the impact of such uses and structures upon the "surrounding properties," as well as "the natural, historic and scenic resources" of the community (Code of Town of Lake George § 175-36 [B], [C]). To that end, the zoning provisions require that the size, shape, color and material of the structure at issue — here, the stockade fence — "be consistent with the character of neighboring buildings" and "in harmony with the landscape character" (Code of Town of Lake George § 175-43 [F] [3], [4]). Here, in light of the staggered height of the fence, the positioning of its "good side" and the Planning Board's modification relative to the portion of the fence closest to the lake, together with the record evidence documenting the existence of similar fences in the immediate

vicinity of petitioner's property, we agree with Supreme Court that the Planning Board's grant of conditional site plan approval was not arbitrary and capricious.  Petitioner's remaining contentions, as well as the LaPlantes' request for costs under 22 NYCRR 130-1.1 (a), have been examined and found to be lacking in merit.

Lahtinen, J.P., Garry and Clark, JJ., concur.

ORDERED that the judgment is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court