*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 21, 2016                    518770
                                                        522059
_____

In the Matter of JOHN A.
    LAVENDER II,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

ZONING BOARD OF APPEALS OF THE
    TOWN OF BOLTON,
                    Respondent,
                    et al.,
                    Respondents.
_____

Calendar Date:   June 3, 2016

Before:   Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

                    _____

        John A. Lavender II, Bolton Landing, appellant pro se.

        Muller, Mannix & Reichenbach, PLLC, Glens Falls (Michael J.
Muller of counsel), for Zoning Board of Appeals of the Town of
Bolton, respondent.

                    _____

Peters, P.J.

        Appeals (1) from a judgment of the Supreme Court (Krogmann,
J.), entered June 20, 2013 in Warren County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Zoning Board
of Appeals of the Town of Bolton interpreting the Town's zoning
code as excluding petitioner's use of his property as an event
venue, and (2) from an order of said court, entered September 21,
2015 in Warren County, which, among other things, denied
petitioner's motion for reconsideration.

Petitioner owns a parcel of real property overlooking Lake George in the Town of Bolton, Warren County. Known as Highlands Castle, the property is situated within a low-density residential zoning district and is improved by, among other things, a two-bedroom residence. Beginning in 2010, petitioner advertised Highlands Castle on the Internet as a venue for weddings, corporate meetings, social gatherings and other special events. In its online media, the property was described as a "perfect setting for a special gathering with family and friends" or "any other meaningful 'experience' you can envision." Highlands Castle's website also set forth a list of preferred wedding planners, caterers, photographers, videographers, florists and other similar vendors to be used in connection with the venue rental.[1]

In response to complaints from neighboring homeowners regarding petitioner's use of the property, the Town's Zoning Administrator issued a determination in March 2012 finding that petitioner's rental activities did not violate the Town Code. An appeal ensued and, following a public hearing in June 2012, respondent Zoning Board of Appeals of the Town of Bolton (hereinafter the ZBA) overturned the determination. Petitioner thereafter commenced this proceeding seeking to annul the ZBA's determination. Supreme Court, finding the record inadequate to permit meaningful review, remanded the matter to the ZBA for a written determination as to the specific findings made and relied upon in reaching its determination. Thereafter, the ZBA set forth the reasons for its prior determination which included, as relevant here, its finding that the activities conducted at Highlands Castle are commercial in nature and are not customarily associated with the use of a single-family dwelling. In June

---

[1] Notably, while petitioner asserts that he only recommends but does not engage vendors, one of his advertisements offers that "[o]ur professional photographs will capture the memories you share" and states that, "whatever you can imagine, we can provide." In that same advertisement, wedding ceremonies were offered with or without an hor d'oeuvre hour and reception dinner.

2013, Supreme Court, finding such reasons sufficiently supported by the record, dismissed the petition.

Undaunted, petitioner continued his rental activities, prompting the issuance of a temporary restraining order prohibiting him from using the property contrary to the ZBA's determination. Petitioner then moved by order to show cause to vacate the temporary restraining order, raising various challenges to both the ZBA's determination as well as Supreme Court's June 2013 order. After that motion was denied, petitioner filed a motion seeking, among other things, reconsideration and to consolidate this proceeding with a prior enforcement action brought by the Town. By order entered in September 2015, Supreme Court denied that aspect of the motion seeking to consolidate the matters and, treating his application to reconsider as one to renew or reargue, denied that relief as well. Petitioner now appeals from this order as well as the June 2013 judgment dismissing his petition.

We first address petitioner's challenges to the ZBA's determination that his rental activities violated the Town Code. The Town Code generally limits the use of property situated in the relevant RL-3 district to "single-family residence[s]" and "[a]ccessory uses" (Code of the Town of Bolton § 200, Attachment 4). "Single-family dwelling" is defined as "[a] detached building (not including a mobile home) of one or more stories in height, above grade level, which is designed or used exclusively as living quarters for one family or household" (Code of the Town of Bolton § 200.8 [A]). An "accessory use" is "[a]ny use of a structure, lot or portion thereof, that is customarily incidental and subordinate to and does not change the character of a principal land use" (Code of the Town of Bolton § 200.8 [A]). There is no dispute that the physical structure situated on petitioner's property falls squarely within the definition of single-family dwelling. Thus, the issue distills to whether petitioner's use of the property as a venue for weddings, receptions and other events constitutes an "accessory use" within the meaning of the Town Code.

A zoning board's interpretation of a local zoning ordinance

is afforded deference and will only be disturbed if irrational or unreasonable (see Matter of Meier v Village of Champlain Zoning Bd. of Appeals, 129 AD3d 1364, 1365 [2015]; Matter of Albany Basketball & Sports Corp. v City of Albany, 116 AD3d 1135, 1137 [2014], lv denied 23 NY3d 917 [2014]). While there is a well-recognized exception to this rule where the issue presented is one of pure legal interpretation of the underlying zoning law or ordinance in question (see Matter of Fruchter v Zoning Bd. of Appeals of the Town of Hurley, 133 AD3d 1174, 1175 [2015]; Matter of Salton v Town of Mayfield Zoning Bd. of Appeals, 116 AD3d 1113, 1113-1114 [2014]), "this exception does not apply in the instant case, as the analysis of whether the proposed accessory use is incidental to and customarily found in connection with the principal use of the property is, to a great extent, fact-based" (Matter of East Hampton Indoor Tennis Club, LLC v Zoning Bd. of Appeals of Town of E. Hampton, 83 AD3d 935, 937 [2011]; see Matter of Incorporated Vil. of Atl. Beach v Zoning Bd. of Appeals of Town of Hempstead, 94 NY2d 842, 843 [1999]; Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413, 420-421 [1998]). Further, "[t]he rule that a zoning ordinance is to be strictly construed in favor of the property owner is subject to the limitation that where[, as here,] it is difficult or impractical for a legislative body to lay down a rule which is both definitive and all-encompassing, a reasonable amount of discretion in the interpretation of the legislative direction may be delegated to an administrative body or official" (Matter of Frishman v Schmidt, 61 NY2d 823, 825 [1984] [internal citations omitted]; see Matter of La Russo v Neuringer, 105 AD3d 743, 743 [2013]; Matter of Sanantonio v Lustenberger, 73 AD3d 934, 935 [2010]). "Whether a proposed accessory use is . . . incidental to and customarily found in connection with the principal use depends on an analysis of the nature and character of the principal use of the land in question in relation to the accessory use, taking into consideration the over-all character of the particular area in question" (Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d at 420 [citation omitted]).

The ZBA found that, given the manner in which petitioner utilized and marketed Highlands Castle as a venue for weddings

and other large social gatherings, the challenged use was neither subordinate nor customarily incidental to the primary single-family residential use of the property. On this record, we cannot say that such determination is either irrational or unreasonable. Petitioner insists that Highlands Castle is held out merely for residential rental use, yet the record belies such a claim. In offering Highlands Castle for rent, petitioner emphasized its availability for weddings, large parties and other social receptions. Notably, the property was marketed as available on a daily or even a "half-day" basis and was advertised upon a pricing structure specific to the type of event that may be of interest to the consumer and, in some instances, to the number of individuals that will be attending. The marketing of Highlands Castle thus evinces a clear intent to target a rental audience that sought more than just residential use of the property and, indeed, no evidence was presented that Highlands Castle had ever been rented out for use as a single-family residence. To the contrary, the evidence shows that Highlands Castle was rented eight times over the course of a roughly two-year period for large-scale events — including three weddings and an American Bar Association function. Further, given that the property is advertised for rent on a year-round basis without restriction as to availability, nothing prevents its regular use as an event venue on a more frequent basis than that which has previously occurred.

In light of this proof, the ZBA could rationally conclude that petitioner's activities in promoting and renting Highlands Castle as an event venue were neither incidental nor subordinate to the property's residential use (see Burton v Glynn County, 297 Ga 544, 547 [2015]; DiGiovanni v Pope, 2012 WL 259977, *15, 2012 Mass LCR LEXIS 1, *37, 41-42 [Mass Land Ct 2012]). In other words, the record supports the finding that "the business tail is wagging the residential dog" (Keseling v Baltimore, 220 Md 263, 269 [1959]), rather than vice versa. Furthermore, during the public hearing, neighboring property owners testified that events held at Highlands Castle generated increased traffic, created overcrowded private roadways and often involved amplified music and announcements, which interfered with their enjoyment of their own nearby homes. These adverse impacts, which extended well

beyond the boundaries of petitioner's property, further support
the ZBA's finding that the large-scale events hosted at Highlands
Castle were not merely incidental (see 7 Rohan, Zoning and Land
Use Controls, § 40A.03 [1] [the purpose of the "incidental"
requirement is clear; so long as the use "is a secondary one,
conducted on a small scale relative to the principal use, it will
presumably not harm — or inflict only minimal harm upon — other
residential users"]).

     Perhaps most critically, petitioner failed to proffer any
evidence demonstrating that his use of Highlands Castle is
consistent with the customary use of residential property by
other homeowners in the Town (compare Matter of New York
Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91
NY2d at 421-422, 424).  No showing has been made that the rental
of residential single-family dwellings for weddings and large
gatherings is a common occurrence or, if so, that such events are
of similar frequency, size and intensity as those at issue here
(see Burton v Glynn County, 297 Ga at 548; Forster v Town of
Henniker, 167 NH 745, 759 [2015]; DiGiovanni v Pope, 2012 WL
259977 at *15, 2012 Mass LCR LEXIS 1 at *42-43).  Thus, the
determination that the proposed accessory use is not customarily
found in connection with the principal use of the property is,
too, supported by a rational basis in the record.

     This is not to say that the occasional use of a residential
property for a wedding or similar large-scale event would not be
permissible as an accessory use to the principal single-family
residential use permitted in an RL-3 district.  On an isolated
basis, it would be difficult to conclude that the hosting of such
an event would not be incidental and subordinate to the permitted
residential use of a single-family dwelling.  However, the ZBA
found that there was something "inherently different" about
petitioner's use of his property that transgressed that expected
or customary for a single-family dwelling in a residential low
density district and "justif[ied] treating it differently"
(Matter of New York Botanical Garden v Board of Stds. & Appeals
of City of N.Y., 91 NY2d at 421).  Inasmuch as that determination
is both rational and reasonable, it will not be disturbed.

Petitioner's remaining contentions do not require extended discussion.  His constitutional claims and procedural challenges to the ZBA's determination were not raised in his CPLR article 78 petition and, therefore, are unpreserved for our review (see Matter of Town of Rye v New York State Bd. of Real Prop. Servs., 10 NY3d 793, 795 [2008]; Gregory v Town of Cambria, 69 NY2d 655, 656-657 [1986]; Matter of Meyer v Zoning Bd. of Appeals of City of Utica, 139 AD3d 1406, 1407 [2016]).  To the extent that petitioner's motion for "reconsideration" was deemed one to reargue, the denial thereof is not appealable (see Schillaci v Sarris, 122 AD3d 1085, 1087 [2014]).  If viewed as one to renew, the motion was properly denied inasmuch as petitioner did not offer a reasonable justification for his failure to submit the new facts in the initial motion to vacate or demonstrate that such facts would have changed the prior determination (see CPLR 2221 [e] [2], [3]; Leonard v Planning Bd. of Town of Union Vale, 136 AD3d 873, 874-875 [2016]; Tibbits v Verizon N.Y., Inc., 40 AD3d 1300, 1303 [2007]).  Finally, Supreme Court providently exercised its discretion in denying petitioner's motion to consolidate (see CPLR 602 [a]; Fidelity Natl. Tit. Ins. Co. v Altshuler Shaham Provident Funds Ltd., 120 AD3d 1135, 1136 [2014], lv dismissed 25 NY3d 1036 [2015]).

Lahtinen, Egan Jr., Rose and Clark, JJ., concur.

-8- 518770
522059

ORDERED that the judgment and order are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court