Egan Jr., J.
Appeal from a judgment of the Supreme Court (Connolly, J.), entered February 11, 2016 in Albany County, which granted petitioner’s application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Zoning Appeals of City of Albany interpreting the Code of the City of Albany as permitting the proposed use of certain property.
Respondent Bethany Reformed Church (hereinafter the church) owns certain real property located at 736-760 New Scotland Avenue in the City of Albany consisting of a sanctuary, an educational and social building, a parsonage and a parking lot. Petitioner owns and resides at property adjacent to the church’s premises. Each of the subject properties is located within an R-1B single-family medium-density residential district, wherein the principal permitted uses are “[s] ingle-family detached dwellings” and “[h]ouses of worship” (Code of City of Albany § 375-63 [A] [1], [2])—the latter of which is defined as “[a] structure or part of a structure used for worship or religious ceremonies” (Code of City of Albany § 375-7 [B]). Under the Code of the City of Albany (hereinafter the Code), the terms “worship” and “religious” are not defined.
*1481 By letter dated November 9, 2014, the church advised the City’s Division of Buildings and Codes of its desire to partner with—and provide space in its parsonage for—respondent Family Promise of the Capital District, Inc., a not-for-profit corporation, to establish a “home base” for up to 14 homeless individuals who were not attending school, enrolled in training programs or working at their current jobs. The purpose of the letter was to inquire as to the church’s need for a use variance. In response, counsel for the church was advised that “[t]he proposed use of the space does not appear to be for religious related house of worship or a single family home” and, therefore, a use variance and/or special use permit would be required.
Thereafter, by application dated December 15, 2014, the church sought an interpretation from respondent Board of Zoning Appeals of City of Albany (hereinafter the Board) as to whether the planned use of its property was a permitted use within the applicable zoning district.[1] Following public hearings in February 2015 and March 2015, the Board—citing the “unique fact pattern[ ] and subject property”—issued the requested interpretation, finding “that the proposed use is consistent with . . . [the] mission and actions of a house of worship, which logically includes a structure or part of a structure used for worship or religious ceremonies.” The Board further concluded that “[n]o additional zoning exemption(s) or permission(s) are necessary” for the church and Family Promise to begin using the parsonage for the proposed use.
In May 2015, petitioner moved by order to show cause seeking, among other things, to annul the Board’s determination. An amended petition seeking similar relief was filed in July 2015. Following joinder of issue, Supreme Court granted petitioner’s application and annulled the Board’s determination, finding, among other things, that the proposed use of the parsonage could not reasonably be interpreted as a “house of worship” as such term is defined in the Code. Accordingly, Supreme Court annulled the Board’s determination. In so doing, Supreme Court did not address respondents’ argument relative to the impact of the Religious Land Use and Institutionalized Persons Act of 2000 (see 42 USC § 2000cc et seq.), noting that such claim had been raised before—but not ad *1482 dressed by—the Board in rendering its determination. This appeal by respondents ensued.[2]
As a general proposition, “a zoning board’s interpretation of a zoning law [or local ordinance] is afforded great deference and will only be disturbed if it is irrational or unreasonable” (Matter of Meier v Village of Champlain Zoning Bd. of Appeals, 129 AD3d 1364, 1365 [2015] [internal quotation marks and citation omitted]; see Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 972 [2016], appeal dismissed — NY3d —, 2016 NY Slip Op 91613 [Nov. 17, 2016]; Matter of Fruchter v Zoning Bd. of Appeals of the Town of Hurley, 133 AD3d 1174, 1175 [2015]; Matter of Subdivisions, Inc. v Town of Sullivan, 92 AD3d 1184, 1185 [2012], lv denied 19 NY3d 811 [2012]). A well-recognized exception to this rule exists, however, where “the issue presented is one of pure legal interpretation of the underlying zoning law or ordinance” (Matter of Subdivisions, Inc. v Town of Sullivan, 92 AD3d at 1185; see Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d at 972; Matter of Fruchter v Zoning Bd. of Appeals of the Town of Hurley, 133 AD3d at 1175; Matter of Meier v Village of Champlain Zoning Bd. of Appeals, 129 AD3d at 1365). If the law or ordinance at issue does not define a particular term, courts will afford such term its plain or ordinary meaning (see Matter of Albany Basketball & Sports Corp. v City of Albany, 116 AD3d 1135, 1138 [2014], lv denied 23 NY3d 907 [2014]; Matter of Oefelein v Town of Thompson Planning Bd., 9 AD3d 556, 558 [2004]), and “any ambiguity in the language employed must be resolved in favor of the property owner” (Matter of Subdivisions, Inc. v Town of Sullivan, 92 AD3d at 1185 [internal quotation marks and citation omitted]; accord Matter of Meier v Village of Champlain Zoning Bd. of Appeals, 129 AD3d at 1365). Under the provisions of the Code, the Board is vested with the authority to interpret the provisions thereof (see Code of City of Albany § 375-14 [A] [1]), which includes “[w]hether a specific use is permitted in a [particular] district” (Code of City of Albany § 375-25 [B]).
Initially, we note that respondents and Supreme Court part company with respect to whether the question before the Board presented a fact-based inquiry, thereby warranting judicial deference to the Board’s determination (see e.g. Matter of Edscott Realty Corp. v Town of Lake George Planning Bd., 134 AD3d 1288, 1290 [2015]), or, rather, posed a question of pure statutory interpretation for the court to resolve (see e.g. Matter *1483 of Winterton Props., LLC v Town of Mamakating Zoning Bd. of Appeals, 132 AD3d 1141, 1142 [2015]). While we agree with Supreme Court that this matter may be resolved simply by looking to the terms of the subject ordinance, this dispute need not detain us, as we are persuaded that, regardless of the analytical approach adopted, the Board’s determination should be upheld.
As noted previously, permitted uses within the relevant zoning district include single-family detached dwellings and houses of worship—the latter of which is defined under the Code as “[a] structure or part of a structure used for worship or religious ceremonies” (Code of City of Albany § 375-7 [B]). Inasmuch as neither the church nor Family Promise contends that the parsonage would be utilized for “religious ceremonies,” our inquiry distills to whether the contemplated use of the parsonage falls within the ambit of “worship”—a term not defined under the Code. According such term its plain or ordinary meaning, worship is broadly defined as “[a]ny form of religious devotion, ritual, or service showing reverence”—especially with respect to “a divine being or supernatural power” (Black’s Law Dictionary 1844 [10th ed 2014])—and includes “an act of expressing such reverence” (Merriam-Webster Online Dictionary, worship [http://www.merriam-webster.com/dictionary/ worship, cached at http://www.nycourts.gov/reporter/webdocs/ Worship_Definition_by_Merriam_Webster.pdf]; see The Law Dictionary: Black’s Law Dictionary Free Online Legal Dictionary [2d ed], worship [http://www.thelawdictionary.org/worship, cached at http://www.nycourts.gov/reporter/webdocs/ WORSHIP_Blacks_Law_Dictionary.pdf]; see also Matter of Winterton Props., LLC v Town of Mamakating Zoning Bd. of Appeals, 132 AD3d at 1142).
To be sure, the term “house of worship” often is synonymous with a building or other structure where formal, organized religious services take place but, as this Court has recognized, “the courts of this [s]tate have been very flexible in their interpretation of religious uses under local zoning ordinances” (Matter of Yeshiva & Mesivta Toras Chaim v Rose, 136 AD2d 710, 711 [1988]; see Matter of Capital City Rescue Mission v City of Albany Bd. of Zoning Appeals, 235 AD2d 815, 816 [1997]; see also Matter of Committee to Protect Overlook, Inc. v Town of Woodstock Zoning Bd. of Appeals, 24 AD3d 1103, 1104 [2005], lv denied 6 NY3d 714 [2006]). Indeed, it has long been recognized that “[a] church is more than merely an edifice affording people the opportunity to worship God. Strictly *1484 religious uses and activities are more than prayer and sacrifice and all churches recognize that the area of their responsibility is broader than leading the congregation in prayer. ... To limit a church to being merely a house of prayer and sacrifice would, in a large degree, be depriving the church of the opportunity of enlarging, perpetuating and strengthening itself and the congregation” (Matter of Community Synagogue v Bates, 1 NY2d 445, 453 [1956]; see Matter of Committee to Protect Overlook, Inc. v Town of Woodstock Zoning Bd. of Appeals, 24 AD3d at 1104). To that end, “services to the homeless have been judicially recognized as religious conduct” (Fifth Ave. Presbyt. Church v City of New York, 2004 WL 2471406, *2 n 3, 2004 US Dist LEXIS 22185, *8 n 3 [SD NY, Oct. 29, 2004, No. 01 Civ 11493 (LMM)], affd 177 Fed Appx 198 [2d Cir 2006]), and “the concept of acts of charity as an essential part of religious worship is a central tenet of all major religions” (Western Presbyt. Church v Board of Zoning Adj. of Dist. of Columbia, 862 F Supp 538, 544 [D DC 1994]). Applying these principles to matter before us, we are satisfied that the plain or ordinary meaning of “house of worship” permits and encompasses the use proposed by the church and Family Promise.[3] Accordingly, Supreme Court’s judgment annulling the Board’s determination must be reversed.
Garry, J.P., Rose, Devine and Mulvey, JJ., concur.
Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

. The record on appeal contains a separate application dated February 28, 2015 seeking the same relief, which apparently was filed to reflect a change of counsel as the designated authorized agent.

. Petitioner advised this Court that he would not be submitting a brief— opting instead to rely upon the decision of Supreme Court.

. Our conclusion in this regard would be no different if, as respondents urge, we viewed this as “precisely the type of subjective, fact-based determination” to which the Board’s findings would be accorded “great deference” (Matter of Edscott Realty Corp. v Town of Lake George Planning Bd., 134 AD3d at 1290 [internal quotation marks and citations omitted]). Indeed, the record makes clear that the church has a long-standing history of “serving the needs of the poor and disadvantaged” and, consistent with its mission statement, views its “ministry to homeless families” as a mandatory component of its obligation to “serve [its] neighbors and community.”