Matter of Brophy v Town of Olive Zoning Bd. of Appeals (2018 NY Slip Op 07388)





Matter of Brophy v Town of Olive Zoning Bd. of Appeals


2018 NY Slip Op 07388


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

526138

[*1]In the Matter of MELISSA BROPHY et al., Appellants,
v
TOWN OF OLIVE ZONING BOARD OF APPEALS, Respondents, and CHESTER KARAWATOWSKI et al., Respondents.

Calendar Date: September 7, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Law Office of Ronald S. Pordy, Kingston (Ronald S. Pordy of counsel) and Jacobowitz & Gubits, LLP, Walden (Kara J. Cavallo of counsel), for appellants.
McCabe & Mack, LLP, Poughkeepsie (Richard R. DuVall of counsel), for Chester Karawatowski and another, respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the Supreme Court (Mott, J.), entered April 7, 2017 in Ulster County, which partially dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Olive Zoning Board of Appeals finding, among other things, that the use of a premises belonging to respondents Chester Karwatowski and Anne-Marie Johannson was permitted under the Town Code of the Town of Olive.
Since 1998, respondents Chester Karwatowski and Anne-Marie Johannson (hereinafter collectively referred to as respondents) own and operate a bed and breakfast known as Ashokan Dreams on a 28-acre property located in the Town of Olive, Ulster County. In 2007, respondents began hosting weddings on the property. In 2015, the Town's Zoning Enforcement Officer (hereinafter ZEO) wrote to respondents to advise that site plan review was required because "[t]he wedding department has grown to . . . affect[ ] the health, safety and welfare of the neighbors" and that "[t]he remedy would seem to be a site plan review to put some limitations on the [wedding] activities." Respondents submitted a site plan application to the Town's Planning Board, which referred the matter to the ZEO and respondent Town of Olive Zoning Board of Appeals (hereinafter ZBA). After a hearing, the ZBA determined that weddings were a "permitted [s]pecial [u]se to a [b]ed and [b]reakfast" that required a site plan under the Town Code of the Town of Olive. In an accompanying document setting forth the rationale for this determination, the ZBA explained that Ashokan Dreams could, "as an accessory use, conduct periodic seasonal events such as weddings" and that "[t]his should be a [p]ermitted [s]pecial use, [*2]requiring a [s]ite [p]lan." The ZBA remitted the matter to the Planning Board for a determination of the appropriate site plan conditions.
Petitioners, who are neighboring property owners and a neighborhood association, commenced this CPLR article 78 proceeding seeking to annul the ZBA's determination. Supreme Court determined that the ZBA correctly concluded that weddings were an accessory use, but erred because it "legislated a new use subject to a special permit requirement." The court granted the petition to the extent that it challenged the conclusion that weddings were a "permitted special use," but otherwise dismissed the petition. Petitioners now appeal.
Generally, "[a] zoning board's interpretation of a local zoning ordinance is afforded deference and will only be disturbed if irrational or unreasonable" (Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 972 [2016], lv denied 29 NY3d 907 [2017]). We apply that standard here because whether a "proposed accessory use is incidental to and customarily found in connection with the principal use of the property is, to a great extent, fact-based" (id. at 972 [internal quotation marks and citation omitted]). Resolution of the accessory use question "depends on an analysis of the nature and character of the principal use of the land in question in relation to the accessory use, taking into consideration the over-all character of the particular area in question" (Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413, 420 [1998]).
Pursuant to the Town Code, Ashokan Dreams is located in the residential/rural-3A district. The permitted uses in this district include a "tourist home" or "boardinghouse." The Town Code defines a boardinghouse as "[a] dwelling occupied by one family with three or more boarders, roomers or lodgers in the same household, who are lodged with or without meals, in which there are provided such services as are incidental to its use as a temporary residence" (Town Code of Town of Olive § 155-43 [B]). A "tourist home" is defined as "[a] dwelling, other than a hotel, boarding or rooming house or motel . . . in which not more than four rooms or similar overnight accommodations are provided or offered for transient guests for compensation and which offer no dining facilities" (Town Code of Town of Olive § 155-43 [B]). "Commercial recreation uses" are also allowed in the residential/rural-3A district, subject to a special use permit. The Town Code defines "[c]ommercial recreation uses" as those "specifically oriented toward the use of mountain land, such as ski areas, ski tows, horse riding trails, including travel trailer or camping trailer parks or sites" (Town Code of Town of Olive § 155-17 [A] [10]); also included are "resort hotels, commercial camps for seasonal residence only, resort ranch, resort lodge, bungalow colony" (Town Code of Town of Olive § 155-17 [A] [14]).
When respondents first sought approval to operate a bed and breakfast in 1998, they offered one guest room and breakfast to their guests. The Planning Board issued a site plan approval without conditions. Over time, and without obtaining additional approvals, two more guest rooms were added and respondents began offering weddings at Ashokan Dreams with limited lodging for the wedding party and guests. Testimony at the public hearing was that the weddings were initially sporadic and not disruptive. As respondents began to publicize their property as a wedding venue, the events grew to involve tents, bands, caterers and food trucks. Neighbors testified that each wedding involved days of disruption, beginning with deliveries and continuing through the eventual removal of the items associated with the events. Petitioners maintain that there were 12 wedding events in 2015.
Like Supreme Court, we find that the ZBA's determination that the operation of a bed and breakfast in the district as a permitted use was neither irrational nor unreasonable. As petitioners argue, although it is permissible to operate a "boardinghouse" or "tourist home" in the district, the term "bed and breakfast" is neither a specified nor a defined use in the Town Code. As the ZBA recognized, however, bed and breakfast establishments are commonly permitted in the Town, including in the residential/rural-3A district, notwithstanding that the term is not found in chapter 155 of the Town Code. Although a bed and breakfast is neither squarely a "boardinghouse" nor a "tourist home," it is certainly embraced within such uses, and petitioners [*3]do not challenge respondents' operation of Ashokan Dreams as a bed and breakfast per se. The challenge here is to the further use of the property as a wedding venue.
The Town Code defines an accessory use as one "which is customarily incidental and subordinate to the principal use of a lot, water area or a building, and located on the same lot or water area therewith" (Town Code of Town of Olive § 155-43). For all residential districts, the Town Code lists specific, permitted accessory uses and authorizes "[a]ny other accessory building or use considered by the [ZBA] to be customarily incidental to any of the related principal uses herein" (Town Code of Town of Olive § 155-17 [D] [9]).
In determining that hosting weddings was an accessory use to the operation of the bed and breakfast, the ZBA relied, in part, on the wedding services offered by another bed and breakfast located in the same district. Although petitioners contend that it was error for the ZBA to refer to the other bed and breakfast in its determination, we discern none and find that the ZBA properly considered the incidental uses customarily undertaken by similar businesses (see Matter of New York Botanical Garden v Board of Stds. & Appeals of the City of N.Y., 91 NY2d at 424).
The evidence before the ZBA was that respondents live at Ashokan Dreams. Once their children moved out of the residence, they expanded the number of guest rooms to three. Ashokan Dreams is marketed as both a bed and breakfast and a wedding venue. Lodging on and use of the property is available year-round, but weddings are offered on a limited basis and only during the warmer months — in spring through fall. As this evidence provides a rational basis for characterizing the weddings as an accessory use to the principal use as an owner-occupied bed and breakfast, we decline to disturb the ZBA's determination (compare Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d at 972-973).
Finally, we find that the ZBA was authorized to require respondents to seek site plan review for the accessory use. Notably, section 155-17 of the Town Code requires site plan review and approval by the Planning Board for all principal uses — a requirement that necessarily should attend to an approved accessory use. Although originally the bed and breakfast use was approved without conditions, the Town Code imposes a duty on the ZBA to impose "conditions and safeguards as may be required to protect the public health, safety, morals and general welfare" (Town Code of Town of Olive § 155-38). In our view, the ZBA reasonably imposed a site plan as a condition of continued accessory use. At oral argument, respondents' counsel confirmed that, as a result of such review, they are permitted to hold four weddings a year, with a maximum of 75 guests at each event.
Garry, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.
ORDERED that the judgment is affirmed, with costs.